## SALINAS v. WRIGHT.

Where the petition is founded on a promissory note or other promise in writing to pay money, and does not state the time of payment, it is equivalent to an express allegation that payment was to be made on demand ; and a promise to pay at a future day or on a contingency would not be admissible in evidence, because of the variance.

A promise in writing to pay a certain sum of money to another, " so soon as circumstances will permit," is not a promissory note.

Where the defendant had acknowledged in writing, that he was indebted to the plaintiff in a certain amount, which he promised to pay as soon as circumstances would permit, it was held that the plaintiff could not recover, *on that instrument alone*, without proof of the ability of the defendant to pay.

Where the petition alleged a promissory note, and the plaintiff, instead thereof, proved a promise to pay as soon as circumstances would permit, and did not prove the defendant's ability to pay, it was held that the foundation of the action so manifestly failed, that the objection could be taken, although it was not assigned as error.

A mere misnomer of an instrument is not material, where the instrument or a copy of it is made a part of the pleading, or where it is otherwise properly described.

A motion " to arrest and set aside a judgment," will be treated as a motion for a new trial, where it assigns such grounds only, as are proper in a motion for a new trial, and as are not proper in a motion in arrest of judgment.

To authorize a revision of a judgment, on the merits, a formal statement of facts is not essential, where all the evidence legally and conclusively appears by the record ; and it may so appear, as in this case, by a bill of exceptions.

Error from Cameron. The defendant in error brought suit against the plaintiff in error, averring that the latter was indebted to him in the sum of one hundred and forty-eight dollars ; for that, " on the sixth day of September, 1850, the said " Miguel Salinas executed his certain promissory note, where- " in and whereby he promised to pay the petitioner the said " sum of one hundred and forty-eight dollars for value receiv- " ed ; all of which will more fully appear from the said pro- " missory note, herewith filed and made a part of this petition, " for further description and greater certainty : and that the " said amount is now due and unpaid to your petitioner."

The defendant excepted ; and objected to the petition that,

although it professed to make the note a part thereof, yet the same was not filed, nor did a copy of it accompany the copy of the petition served on him. The plaintiff, thereupon amended his petition by stricking out the amendment, by which it was proposed to make the note a part of the petition. There was a general denial. The plaintiff offered in evidence a note in writing, in the Spanish language, as follows:

Por el presente documento conste ser cierto qne le soy dendor a Dn. Juan Rait la cantidad de ciento cuarenta y ocho pesos los mismos que me comprometo a satisfacerle tan luego como las circumstancias me lo permitan. Y paro su debida constancia le estiendo el presente hoy dia de la fecha, siendo testigo Dn. Fermin Benavides. Brownsville, Sept. 6 de 1850.

Testigo. Fermin Benavides, MIGUEL SALINAS.

Of which the following is a translation: "By this instru- "ment let it be known, that I am indebted to John Wright, "in the sum of one hundred and forty-eight dollars; which "sum I bind myself to pay, so soon as circumstances will per- "mit me. And as proof I give the present writing, this day "and date; Fermin Benavides being witness to the same. "Brownsville Sept. 6th, 1850. MIGUEL SALINAS.

"Witness, Fermin Benavides."

To the admission of which, in evidence, the defendant objected on the ground of variance, in the name of the payee, and in that the petition described a promissory note, and that offered in evidence contained a contingent promise, which was not set out, or described in the petition. The Court overruled the objection, and admitted the note in evidence. An interpreter was admitted to testify that "Juan" in Spanish meant John in English, and that the word "Rait" in Spanish was pronounced as Wright in English, which with the note, it is stated in the bill of exceptions, was all the evidence in the case. The jury found for the plaintiff. And the defendant moved "to arrest the judgment and set aside the verdict," because contrary to law and the evidence; and because of the variance between the note described in the petition and that

admitted in evidence. The Court overruled the motion and gave judgment for the plaintiff: and the defendant brought a writ of error.

The errors assigned were the following: " 1st. The Court " erred in allowing the document sued on to be read in evi-" dence, on the ground that said document, being in a foreign " language, its terms should be proved as alleged: which was " not done.

" 2nd. The Court erred in overruling the objection that the " name, as contained in said document, should be proved to " be the identical name and person of the plaintiff in this suit, " before admitting it in evidence.

" 3rd. The Court erred in not directing a translation of said " document," &c.

*W. Alexander*, for plaintiff in error. That the instrument is not a promissory note will appear by reference to Story on Promissory Notes, Section 22.

No consideration appears to have been alleged by Wright in his petition for the execution of the promissory note sued on ; and no consideration is alleged for the execution of the instrument offered in evidence. (See Foster & Jones v. Holliday, decided at this Term.)

No allegation appears in the petition showing that the note sued on was due at any specified time. (Story on Notes, Sec. 13.)

The instrument offered in evidence is conditional. It bears date on September 6th, 1850, and is payable, " so soon as circumstances will permit me." (Como las circumstancias me lo permitan.) If this instrument was the one intended to be sued on, this condition was material to be inserted in the description of it, in the petition. Besides it should have been also averred that the circumstances of Salinas permitted its payment at some specified time prior to (or at) the filing of the petition.

*Allen & Hale*, for defendant in error.

WHEELER, J. The plaintiff declared as upon a promissory note, which did not specify any day of payment. The legal import of such a note is that it is payable on demand: and it is construed as if it contained these words on its face. (Story on Promissory Notes, Section 29.) But the note offered in evidence was payable "so soon as circumstances will permit me." This is not a promise to pay on demand. The legal effect of the note offered in evidence, therefore, was not the same as that declared on: and for this variance it should have been excluded. But it was not a promissory note, for the reason indicated in the bill of exceptions; that is, its payment was made to depend on a contingency. It is essential, to constitute a written note for the payment of money, a valid promissory note, that the money be payable absolutely and at all events, and that payment be not made to depend on any condition, or contingency. (Id. Sec. 22; Story on Bills, Sec. 42, 48; Bayley on Bills, 5 Edit. 16; Chit. on Bills, 8 Edit. 154, 155.) Thus; a promise "to pay when my circumstances will admit, without detriment to myself and family," it has been held, is not a valid promissory note. (Story on Promissory Notes, Section 22, n. (6).) The present note contains an acknowledgment of indebtedness; but the mere acknowledgment of a debt, it has been held, without a promise to pay, is not a good promissory note. (Id. Sec. 14.) And it is perfectly well settled that such an acknowledgment, if accompanied with a promise to pay conditionally, is of no avail, unless the condition is complied with, or the event happens, upon which the promise depends. Thus, where one indebted, on being applied to for payment, admitted the debt and promised to pay "when he was able," it was held that this was a conditional promise, and that the plaintiff was bound to show the sufficient ability of the defendant. (Davis v. Smith, 4 Esp. R. 36; Mitchell v. Clay, 8 Tex. R. 445.)

So, a promise to pay "whenever my circumstances enable me to do so," was held to give a right of action, when the defendant became of ability to pay. (2 G. & Dav. R. 166.)

But, to entitle the plaintiff to recover upon such a promise, the ability of the defendant must be shown.

Although where a subsisting indebtedness and consequent liability is shown, the law will imply a promise; yet where the plaintiff relies on an acknowledgment of the indebtedness accompanied with an express promise to pay conditionally, the law will not imply a different promise from that which is expressed: for where the promise is express, there is no room for implication. And if the plaintiff relies on the acknowledgment as the ground of his action, he must take it with the qualification. (7 Bing. R. 105.)

The note, given in evidence, was not a promissory note; and to have entitled the plaintiff to a recovery upon it, as a promise to pay in consideration of the acknowledged indebtedness, it was incumbent on him to aver and prove that the circumstances of the defendant would permit, or enable him to pay it: in other words, that he had the ability to pay; for that is what we understand by the expression, "so soon as circumstances will permit me."

If the plaintiff could have established a subsisting indebtedness, without resorting to this note, then, undoubtedly, by bringing his action upon such indebtedness, he might have recovered upon it, without reference to the defendant's ability to pay. But having relied solely on the acknowledgment and promise contained in the note, he must have shown that the event had happened on which the promise was made to depend. Otherwise he was not entitled to recover.

It is objected, on behalf of the appellee, that there is no statement of facts; and that the assignment of errors does not authorize a revision of the ruling of the Court, upon the question of variance raised by the bill of exceptions.

The bill of exceptions, however, contains a statement of all the evidence; and that is sufficient to show the materiality of the ruling, upon the admissibility of evidence. And it seems to have been intended, by the first in order of the errors assigned, though it is not expressed with clearness and distinct-

ness, to present for revision the question of variance, reserved by the bill of exceptions, between the note sued on, and that admitted in evidence. The assignment of error would, perhaps, be deemed insufficient, if the objection were not of a character to bring in question the very right of action. But it is the settled practice of the Court, to notice objections, thus going to the merits and foundation of the action, even though not assigned as error. It is apparent from the bill of exceptions, that the plaintiff was permitted to recover on a different cause of action from that sued on, and one which was not made out in evidence. And it has been repeatedly determined that a recovery will not be permitted to stand, where the foundation of the action or recovery has manifestly failed, though the error be not assigned.

The mere misnomer of the instrument, by calling it a promissory note in the petition, would not have been material, if it had been made a part of the petition, or had been correctly described. For then the Court would have looked to the note itself to determine its legal effect: and the defendant could not have been mislead by the misnomer, when the instrument was before him.

Had the note been made a part of the petition, the question of variance could not have arisen. But the petition would have been fatally defective for not averring the ability of the defendant; and a motion in arrest of judgment must have prevailed. The objection to a recovery was not on account of any want of sufficiency in the petition; but because of the variance between the cause of action averred, and that sought to be established by the evidence; and the absence of proof to maintain the action: the suit being upon one cause of action, and the proof admitted conducing to establish not that, but a different cause of action. The objection, therefore, not appearing upon the face of the petition, could not be taken by motion in arrest of judgment; but only by a motion for a new trial, presenting the facts. And such was, in substance, the motion in this case. Though denominated by the party, a

72

motion in arrest of judgment, it assigned only causes which could properly be urged in support of a motion for a new trial; which in substance and effect it was, and must be considered.

To authorize the revision of a judgment, on the merits, a formal statement of facts is not essential, where all the evidence legally and conclusively appears by the record. And it may so appear, as in this case, by a bill of exceptions, as well as by a statement of facts.

The evidence would have been admissible, to identify the note described in the petition with that produced upon the trial, under averments truly describing the note.

It is a sufficient answer to the supposed error of the Court in not directing a translation of the note, that it does not appear that application was made to the Court to direct such translation. But the note admitted in evidence was essentially variant from that declared on; and did not, in itself, constitute a legal foundation on which to base a recovery. The judgment must therefore be reversed and the cause remanded.

Reversed and remanded.