# Charlestown.

LEE'S EX'RS *v.* VIRGINIA AND MARYLAND BRIDGE CO.

Decided August 20, 1881.

*(GREEN, JUDGE, Absent).

1. Upon a demurrer to evidence, where the evidence is wholly that introduced by the plaintiff, the demurrant admits not only the truth of the facts proved, but also all that may be fairly inferred from those facts.

2. L. is appointed trustee in equity to sell the real estate of the Virginia and Maryland Bridge Company to satisfy a mortgage on their property. G. represents himself as the president of the company and as acting for it; and at his instance the trustee instead of keeping the property before the public the usual time on the day of sale knocks it down to G. for the amount of the mortgage, principal, interests and costs; the trustee reports these facts to the court, which report is confirmed by the court without exception by the company, which is the only party defendant to the suit; the cash payment of $1,266.66 is paid by G. out of the funds of the company and the first deferred payment also. HELD:

    Under the circumstances of this case and upon the demurrer to the evidence it may be fairly inferred from the evidence, that G. was the agent of the company and authorized to act for it in the premises.

3. G. executes his individual note to the trustee for the deferred payments with E. I. Lee as security; the third note not being paid, the trustee sued Lee in West Virginia, recovered judgment and received the money on execution. Lee has a right to recover from the company the amount so paid by him in an action of assumpsit.

*Counsel in the court below.

4. The record of the suit against the bridge-company, in which appear the decrees under which the property was sold and the sale confirmed, is evidence against the company on the trial of said action as containing a *solemn admission* or *judicial declaration* by it of the truth of the facts contained in the record,

5. The receipt of a person entitled to receive money is evidence of the fact of payment in a controversy between other parties as to that payment

6. Where money has been paid for the use of the defendant, the *request* necessary may be either *express* or *implied*. It will be *implied* as well as the promise, where the defendant has adopted and enjoyed the benefit of the consideration.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Jefferson, rendered on the 30th day of October, 1877, in an action in said court then pending, wherein E. I. Lee was plaintiff and the Virginia and Maryland Bridge Company was defendant, allowed upon the petition of said company.

Hon. John B. Hoge, Judge of the third judicial circuit, rendered the judgments complained of.

Patton, Judge, furnishes the following statement of the case :

E. I. Lee brought an action of assumpsit in the circuit court of Jefferson county against The Virginia and Maryland Bridge-Company at Shepherdstown, to recover an amount of money alleged to have been paid by him as security for said company. The only evidence introduced upon the trial of the case was introduced by the plaintiff, to which evidence the defendant demurred. The jury found a verdict for the plaintiff for the sum of $1,119.67 with interest from the 11th day of April, 1867, subject to the opinion of the court upon the demurrer to the evidence. The court rendered judgment for the plaintiff for said sum of money, interest and costs. From that judgment the defendant obtained a writ of error and *supersedeas*.

The evidence in the case consisted of a deed from Blackford to the bridge-company in 1849 conveying real estate subject to a mortgage in favor of John Blackford's executors, for the sum of $3,333.33,—the record of a suit in the circuit court of Washington county, Maryland, brought by John Blackford's executors against the Virginia and Maryland Bridge Company

in the year 1863 to foreclose that mortgage,—the judgment of the circuit court of Jefferson county in favor of A. K. Syester, trustee, against E. I. Lee upon a note for $1,266.66, executed by J. H. Grove and E. I. Lee on the 21st of September, 1869,—the execution upon said judgment satisfied by Lee,—a deed from the Virginia and Maryland Bridge Company to Zephaniah Bane in 1868 for a portion of their real estate in consideration of the sum of $4,050.00 subject to said mortgage, in which they covenant to appropriate so much of the purchase-money as may be necessary to pay said mortgage,—two receipts, the one dated Hagerstown, September 21st, 1869. "Received of Jacob H. Grove, president of Maryland and Virginia Bridge Company, the sum of $1,266.66, being first and cash payment on purchase of real estate sold in No. — in equity," signed by A. K. Syester, trustee, for George Preaner, and the other on the back of a note for $1,266.66 signed by J. H. Grove and E. J. Lee, dated the 21st of September, 1869, payable two years after date to A. K. Syester, trustee, "Received 2d June, 1870, $1,319,37 in full of interest and principal to date; this money has been paid by Mr. Uriah Knode, at the instance of Mr. Grove and with his approbation and the consent of the company," signed A. K. Syester, trustee,— the evidence of Zephaniah Bane, that he paid the cash payment on his purchase for the Virginia and Maryland Bridge Company at Sharpsburg, Maryland, in the office of J. H. Grove to either J. H. Grove of E. I. Lee, both being present, that he took possession and subsequently sold the said property to Uriah Knode, who paid him the cash payment of the purchase-money, and that Knode took possession of the property and still holds it, that he, Bane, made the first or cash payment on his purchase for the Virginia and Maryland Bridge Company, and that Knode made the second deferred payment.

The record in the suit of *Blackford's ex'rs* v. *The Virginia and Maryland Bridge Company* shows, that the company was the only defendant; that by its counsel and in pursuance of a written agreement signed by its counsel and the counsel for the complainants its answer was filed consenting to a decree for the sale of the property; that a decree was pronounced for the sale, and A. K. Syester was appointed trustee to sell. In

his report the trustee says : "The same was knocked down to Jacob H. Grove, Esq., upon the terms mentioned in the advertisement at and for the sum of $3,800.00, he the said Grove being then and there the highest bidder therefor. But your trustee further reports, that the property was not kept before the public nor the bidding kept open the usual time, in consequence of an assurance by the said Grove, that he was purchasing in the property for the benefit of the defendant and as its president, and the said sum of $3,800.00 being deemed sufficient to pay the mortgage-debt, interest and costs, your trustee was induced to allow the same to be knocked off to the said Grove as aforesaid. Moreover the said Grove represents himself as the president of the defendant, and has been elected as such, and was such at the time of the purchase aforesaid and was representing the said company, the defendant, and at his earnest solicitation on behalf of the said defendant, as well as at the solicitation of Edmund I. Lee, one of the directors of the said company, the defendant, and in behalf of the company, your trustee was induced to close the bidding before the usual time and declare the property to be knocked down as above stated for the said sum." The report of said trustee was ratified by the court.

The subsequent proceedings in the cause show the collection of the money by the trustee and its disbursement, the trustee saying in one of his reports, that he was compelled to sue Lee in West Virginia, from whom he collected the last payment, as surety for Grove.

*Travers & Beltzhoover* for plaintiff in error cited the following authorities: 6 W. Va. 514 ; 2 Wash. 203 ; 1 Johns. 241 ; 4 Cranch 219 ; 2 Tuck. Com. book 3, ch. 17, p. 292 ; 10 W. Va. 557 ; 3 W. Va. 287 ; 5 Wheat. 326 ; 1 Am. Lead. Cas. 628, 629 ; 18 Johns. 341; 11 Mass. 27 ; 16 Pick. 347 ; 22 Gratt. 51 ; Sess. Acts Va. 1847–8 ch. 225, § 8 ; 52 Barb. 395 ; 2 Waite's Actions and Defences 342; 1 Greenl. Ev. § 258, 2 Greenl. Ev. sec. 114, note ; 11 W. Va. 545 ; Angell & Ames Corp. § 284 ; 12 W. Va. 699.

*Daniel B. Lucas* for defendants in error cited the following authorities: 10 W. Va. 550 ; 1 Greenl. Ev. §§ 527, 527a.; *Id.* § 114 note 7.

PATTON, JUDGE, announced the opinion of the Court:

Upon a demurrer to the evidence the rule as to the weight to be given to the evidence is well settled. The demurrant admits not only the truth of the facts proved, but also all that may be fairly inferred from those facts. 10 W. Va. 546.

The question raised by the evidence in this case is, whether J. H. Grove was acting as the agent of and by the authority of the Virginia and Maryland Bridge Company in bidding in the property, when it was offered for sale by the trustee acting under the decree of the circuit court of Washington county, Maryland, in the suit of *Blackford's ex'rs* v. *The Virginia and Maryland Bridge Company*, or if not acting as such agent, whether the company afterwards ratified his acts in the premises and enjoyed the benefit of his action. In either event the defendant in error was entitled to recover the money paid by him as security for the purchase-money to A. K. Syester, trustee.

The facts show, that there was a mortgage upon the real estate owned by the company; that a suit was brought against the company to foreclose that mortgage, and the property was ordered to be sold; that in the mean time the company sold a portion of the property for more than the amount of the mortgage, principal and interest, and agreed to appropriate the purchase-money to the liquidation of the mortgage; that when the property was offered for sale J. H. Grove representing himself as the president of the company and as acting for the company, requested the trustee instead of selling the property in the usual way to treat him as the purchaser for the company at the price of $3,800.00, the amount due upon said mortgage; that said trustee did so and reported the facts to the court, and his action was ratified by the court; that the cash payment was made by Grove still claiming to be acting as the president of the company, taking a receipt in his own name as such; that at the same time Zephaniah Bane, the trustee of the company, paid to Grove the amount of that cash-payment on account of his purchase for the company; that when the second payment became due Uriah Knode, a vendee from Bane, paid the amount of that payment to the trustee, which payments were reported by the trustee to the court and were paid to the mortgage-creditor under the decree of the court.

I cannot well conceive a stronger state of facts, from which

to draw the inference, that Grove was acting for the company, and that the company emjoyed the benefit of his acts. Grove represented to the trustee, that he was acting for the company. This was reported to the court in a suit, to which the company was a party. Can it be supposed, that this was not known to the company? Must it not be conclusively presumed, that they were cognizant of that report? They did not except to the report; they did not repudiate the authority claimed by Grove to act for them in that transaction; the cash payment of $1,266.66 was paid by their vendee to Grove and by him paid to the trustee taking the receipt himself as president of the company, and when the second payment became due, it was at the instance of Grove still claiming to act for the company paid by the vendee, Knode, to the trustee and by him paid to the mortgage-creditor; and all this without a word of protest or dissent from the company. They were parties to that suit, and they were reported as purchasers through Grove, and that purchase was ratified by the court, they are bound by that report and the decree confirming that report, so far as to show the relations between them and Grove.

"A record may be admitted in evidence in fávor of a stranger against one of the parties, as containing a *solemn admission* or judicial declaration by such party in regard to a certain fact. But in that case it is admitted not as a judgment conclusively establishing that fact, but as the deliberate declaration or admission of the party himself that the fact was so." 1 Greenleaf on Ev. § 527.

It seems to me, that it may not only be inferred fairly from the facts proved, that Grove was acting in behalf of the company in this transaction, that his acts were fully ratified and approved, and that the company adopted and enjoyed the benefit of the consideration, but that any other conclusion would be inconsistent with the facts proved. It is true that Grove gave his individual note, with Lee as his security, to the trustee, and beyond question in an action on said note the makers would not have been permitted to prove as between them and the trustee, the payee, that it was executed for the company, so as to defeat their personal liability. As between them it was their individual note, and the company was not bound. But evidence is admissible to show as between the

principal and the agent, that an instrument was executed to a third party in the individual name of the agent at the request of the principal and for him, or that the principal adopted and enjoyed the consideration, for which the instrument was executed. *Devendorf* v. *West Virginia Oil and Oil Land Company,* 17 W. Va. 135. Where money has been paid for the use of the defendant, the request necessary may be either express or implied. It will be implied as well as the promise, where the defendant has adopted and enjoyed the benefit of the consideration. *Nutter* v. *Sydenstricker,* 11 W. Va. 435.

The counsel for the plaintiff claims, that the two receipts of the trustee acknowledging the receipt of the cash-payment and the first deferred payment are not admissible as evidence in this case. These receipts together with the other papers and documentary evidence were given to the jury subject to any proper exceptions on the part of the defendant. I think there can be no question as to the admissibility of these receipts as showing the fact, that the moneys were received by the trustee. Even his verbal statement to another person could have been given in evidence as to the fact of payment, as an admission on the part of one entitled to receive money and charge himself with its receipt. *Holliday* v. *Littlepage,* 2 Munf. 316; *Sherman* v. *Crosby,* 11 Johns. 70. In *Holliday* v. *Littlepage* the plaintiff offered in evidence the deposition of Francis Irvine, who stated that in a conversation with Mr. Haywood, the owner, and Captain Meredith, the master of the ship, in which the testator of the defendant sailed for Europe, they both said that the plaintiff had paid the passage of defendant's testator. It was held, that the deposition should be read. The court says: "The acknowledgement in question having been made at or about the time of the said testator's sailing for Europe and being the admission of those who were competent to charge themselves with the receipt of the passage-money by an ordinary receipt or acquittance, the court is of opinion, that the said testimony on these grounds and not on that assigned by the court below was properly received by the court." The ground, upon which the court below had admitted the testimony was, that the captain was dead, but the Court of Appeals held, that the testimony was admissible, whether he was dead or not.

I am of opinion to affirm the judgment of the court below with costs to the appellee and damages according to law.

JUDGES JOHNSON AND HAYMOND CONCURRED.

JUDGMENT AFFIRMED.