EDWARD CLEMENTS ET AL. v. MRS. LOUISA CLEMENTS.

Delivered April 23, 1898.

**1.  Trespass to Try Title—Judgment on Cross Complaint.**

A judgment for defendant on his cross complaint seeking the recovery of land, rendered upon the plaintiff's failure to appear at the trial, will be reversed where the evidence offered by him does not show either a title deraigned from the sovereignty of the soil or a claim under a common source with the adverse party, or prior possession, since article 5267 of the Revised Statutes is not applicable to a defendant, even though he seeks affirmative relief by a cross bill, but is restricted solely to a statutory complaint.

2.  **Practice on Appeal—Fundamental Error.**

The rule of fundamental error warranting a reversal without an assignment of error justifies an inspection of the evidence to detect the existence of error, and error disclosed in the evidence is "apparent on the face of the record."

APPEAL from Kaufman. Tried below before Hon. J. E. DILLARD.

*E. L. Walker* and *Gossett & Young*, for appellants.

*Wm. H. Allen*, for appellee.

TARLTON, CHIEF JUSTICE.—On January 19, 1897, the appellants, Edward Clements and Odile Cooney, joined by her husband, Pat Cooney, brought suit in the ordinary form of trespass to try title, seeking to recover from Mrs. Louisa Clements, the appellee, lots 3 and 4, in block 46, in the town of Terrell, Kaufman County.

On February 1, Mrs. Louisa Clements, after plea of not guilty, interposed a special answer in the nature of a cross-bill, seeking affirmative relief against the plaintiffs, of which we deem it proper to state substantially the allegations, as follows:

The defendant avers that she is the surviving widow of A. Clements, deceased, who died in April, 1896; that the property in controversy is the homestead of herself and her deceased husband, thus now occupied and used by her, and so occupied, used, and enjoyed during the lifetime of her husband; that at the date of her marriage with A. Clements she owned a homestead in the city of St. Louis, Mo., which at the request of her husband, and in exchange for the premises in controversy, she sold in August, 1884, for the sum of $4037; that she delivered this sum to her husband, with the agreement and understanding, and upon the sole condition, that the premises in controversy (not worth exceeding $1000) should become not only the homestead of the defendant, but that the title thereto should be vested in her as her separate property; that her husband failed to execute to her any deed to the premises, but fraudulently misrepresented the value of the property in controversy, and thus induced her to part with her property; that the plaintiffs knew of the husband's fraud, and of the consideration which he had received for the property, which consideration was used for the use and benefit of his estate and of the plaintiffs, who are thus estopped from asserting title against the defendant; that by reason of the premises she is entitled to the possession and to the exclusive use and enjoyment of the premises as her homestead, and that she is entitled to the actual fee simple title thereto, and that the pretended claim of the plaintiffs is a cloud upon her right to the fee in the premises; that her husband at the time of his death was insolvent; that there has been no administration upon his estate, and no necessity therefor; that unless she be protected in the fee simple title to the premises, in accordance with her agreement with her deceased husband, she will suffer irreparable injury, caused by the fraud of the husband. She prays for the possession of

the premises, for a decree removing the cloud upon her title cast by the pretended claim of the plaintiffs, and vesting in her the full and complete title, legal as well as equitable; or in the alternative, that she have judgment against the plaintiffs for the sum of $4037, with legal interest, and for general relief.

On February 2, 1897, the appearance day of court, judgment was entered reciting the failure of the plaintiffs to appear and prosecute their suit, and that the plaintiffs said nothing in bar of the defendant's cross-bill, and decreeing upon the appearance of the defendant, and upon the hearing of the evidence by the court, that she was entitled to both the title and possession of the premises in controversy; that the plaintiffs take nothing by their suit; that the defendant recover from them the premises in controversy; that she be quieted in her title and possession to the premises; and that all clouds upon her right of title or possession cast by the plaintiffs as the sole heirs at law of A. Clements and Catharine Clements, deceased, be removed. From this judgment, after the overruling of a motion for a new trial, the plaintiffs appeal.

It appears that the plaintiffs unavailingly sought to file a motion for a new trial about 8 o'clock p. m. of the second day after the trial; that the office of the district clerk was closed at that hour; and hence their original motion was not filed until the 5th; and their amended motion, incorporated in this record, was not filed until February 6th, after the trial on February 2d. The sole assignment of error complains of the action of the court in refusing this motion.

In the motion the absence of the plaintiff's counsel on the day of trial is sought to be explained on account of the serious illness of his child, but the motion itself is not verified. Without setting it out in extenso, it suffices to state that it is of such questionable merit, under the authorities, that we are not prepared to hold the specific assignment well taken.

We therefore consider whether upon the record such error is apparent as will require a reversal of the judgment, in the absence of an assignment. Rules for the Courts of Civil Appeals, No. 23.

As we have seen, the judgment in this case orders, not only that the plaintiffs, who presumptively had abandoned their suit, should take nothing against the defendant, but it further decrees that the latter should recover of the plaintiffs the title and possession of the property, and that all cloud should be removed from that title. In other words, the defendant is become in effect the plaintiff in an action of trespass to try title, and has obtained a judgment accordingly. The evidence upon which this judgment rests consists in the testimony of a solitary witness, one S. M. Cannon, whose statement is substantially as follows:

That he is acquainted with the parties to the suit; that he has known the defendant since her marriage with A. Clements, which was about 1880, or early in 1881; that he knew A. Clements and his first wife, Catharine; that the plaintiffs are the children of A. Clements and Catharine; that he understood from A. Clements that he bought the premises in controversy with money which he had received in payment

of property owned by him before his marriage with Catharine; that after his marriage with his second wife, the defendant, Louisa Clements, he had agreed with her that if she would sell her homestead in St. Louis, she should have in exchange the premises in controversy; that Clements frequently consulted with the witness in regard to the exchange before it was effected; that he told the witness of the sale being made in St. Louis, and of his turning over, or as the witness understood, deeding, to Mrs. Louisa Clements the property in controversy; that the money received by Mrs. Louisa Clements for the St. Louis homestead and turned over to him by her was a little over $4000; that the premises in controversy were not worth at that date over $1500, their present fair valuation; that Mrs. Catharine Clements died in 1879; that she and A. Clements had lived in Texas about four years at the time of her death.

It will be observed that this testimony fails to show such a condition as will entitle the defendant, as plaintiff in an action of trespass to try title, to recover in any method known to the law. To vest title in her, she must deraign it either from the sovereignty of the soil, or it must appear that she claims under a common source with the adverse party, or that she had at least prior possession. The testimony discloses the existence of none of these conditions.

We think, therefore, that in the absence of a specific assignment, the judgment in this case should be reversed, because "it appears to have resulted from manifest error, and to be in its effects too grossly inequitable to receive the sanction and approval of a court of justice." Lumpkin v. Murrell, 46 Texas, 57. In other words, error is apparent on the record, within the meaning of the rule above stated, as interpreted by our decisions. Harris v. Petty, 66 Texas, 516; Salinas v. Wright, 11 Texas, 577.

Justice STEPHENS yields his concurrence to this conclusion because of the course of decision in this State. If not bound by the authorities, he would hold that the rule of fundamental error does not justify an inspection of the evidence to detect the existence of error, since this court can only reverse for error "either assigned or apparent on the fact of the record." Rev. Stats., art. 1014.

The judgment is reversed, and the cause is remanded.

*Reversed and remanded.*

MOTION FOR REHEARING.

Delivered June 4, 1898.

The argument is advanced in support of this motion by the appellee that she is entitled to recover without any proof of title, thus invoking the provisions of article 5267, Revised Statutes. We deem it proper and sufficient to say that, in our opinion, this article is inapplicable to a defendant, even though he seeks affirmative relief by a cross-bill. We think that the benefit of the article should be restricted to a stat-

utory plaintiff. In prescribing a judgment by default, it has literal reference to a defendant who has been personally served with citation according to law.

The motion is overruled.

*Overruled.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.