## G. C. WRIGHT v. FARMERS NATIONAL BANK.

Decided February 7, 1903.

**1.—Consideration—Voluntary Payment—Promise to Repay.**

Although the payment of a judgment for another may be voluntary, and the judgment thereby wholly discharged, yet the resultant benefit to the judgment debtor will constitute a sufficient consideration for a subsequent promise by him to repay the amount so applied in satisfaction of the judgment.

**2.—Same—Conditional Promise—Ability to Pay.**

Where the promise constituting defendant's liability was a promise to pay "as soon as he could," a recovery could not be had thereon without proof of ability to pay after the promise was made.

Appeal from the County Court of Clay. Tried below before Hon. H. A. Allen.

*L. C. Barrett,* for appellant.

*R. E. Taylor,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee, who was the plaintiff below, instituted this suit in the County Court of Clay County to recover $320.41, because of a payment of that sum in satisfaction of a judgment and execution against appellant, and which it was alleged appellant subsequently promised to pay.

The petition, charge of the court and trial all evidently were predicated upon the theory of the subsequent promise. Hence the exceptions to the petition and to the charge of the court and to the refusal of special charges, based upon appellant's theory that the payment was voluntary, seem immaterial. Voluntary though appellee's payment may have been, if, as alleged and proven, the judgment was thereby wholly discharged, appellant's resultant benefit constituted a sufficient consideration for a subsequent promise to repay appellee the amount paid in satisfaction of the judgment. 1 Pars. on Cont., 8 Ed., p. 473; Tied. on Com. Paper, sec. 162.

One defect fatal to appellee's recovery, however, appears, as assigned, in both allegation and proof. It is alleged: " * * * that after plaintiff had paid said amount of $320.41 for defendant, said plaintiff, through its president, called upon said defendant to pay said debt, and that defendant thereupon told this plaintiff that he could not pay said debt at that time, but would pay the same as soon as he could; that said defendant did at divers times and places agree with this plaintiff by and through its officers and attorneys to pay said amount; that by reason of said promises and agreement to pay said sum of $320.41, this defendant became liable to and promised to pay said plaintiff said amount," etc. Construing the petition most strongly against the pleader, this can amount to no more than a conditional promise of repayment on appellant's part,—a promise to pay "as soon as he could."

No subsequent ability of appellant to pay is alleged. The only testimony on the subject is that of appellant himself, who was sworn as a witness for appellee. Appellant testified: " * * * Yes, it is a fact that you (R. E. Taylor) as the attorney for the bank called upon me some time after the 12th day of June, 1900, and asked me to pay the sum of $320.41, and I promised I would pay it as soon as I could, but that I was not able at that time. I made you this promise on two different occasions in the town of Henrietta, Texas."

Say our Supreme Court in the case of Lange v. Caruthers, 70 Texas, 722. "The existence of the indebtedness as alleged upon account being shown, the words 'I will, if I am ever able, pay it,' evidently refer to it, and constitute a conditional promise to pay it. To entitle plaintiff to recover, he was bound to allege and prove that defendant was, or had been, able to pay the account subsequent to the promise and before suit. 2 Texas, 544; 8 Texas, 443; 11 Texas, 576; 29 Texas, 84; 30 Texas, 100; 48 Texas, 420."

The doctrine so declared has since received no modification in this State, so far as we have been able to discover, and in accord therewith the judgment herein must be reversed and the cause remanded for a new trial. The effect of appellant's discharge in bankruptcy pleaded by him need not be considered, inasmuch as the promise to pay relied upon by appellee appears to have been subsequent to such discharge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*