## FIRST NAT. BANK IN DALLAS v. KEELEY.

### No. 2850.

Court of Civil Appeals of Texas. El Paso.
June 15, 1933.

Rehearing Denied July 6, 1933.

Coke & Coke and Thos. G. Murnane, all of Dallas, for appellant.

E. A. Coker, J. Hardy Neel, and Coker & Rhea, all of Dallas, for appellee.

HIGGINS, Justice.

This suit was filed November 24, 1928, by Keeley against the American Exchange National Bank of Dallas, independent executor of the will of S. T. Morgan, deceased. The name of the bank was later changed to the First National Bank in Dallas.

This is the second appeal in the case. The opinion upon the former appeal was by Mr. Justice Vaughan of the Dallas Court of Civil Appeals. It is reported in 39 S.W.(2d) 929. We refer to the opinion of Justice Vaughan for statement of the nature of the suit and of the facts. The pleadings of appellee are as stated in that opinion, with additional averments in section VIIa, as follows: "That all of the acts of plaintiff in connection with the details of said transaction were done and performed by plaintiff for the use and benefit of said S. T. Morgan, and thereafter said S. T. Morgan was advised and made acquainted with said acts in detail, and with full knowledge thereof accepted the benefits of said acts and payments and fully acknowledged and ratified the same, whereby said S. T. Morgan became liable and bound to pay to plaintiff said sum of $10,521.51, with interest thereon from October 15, 1925."

Appellant's answer consists of a general demurrer, general denial, and special pleas setting up the two and four years' statutes of limitations; that the alleged promise of Morgan upon which the action is based is within the statute of frauds, and also is without consideration.

The case was submitted upon special issues which read:

"1: Do you find from a preponderance of the evidence that plaintiff, Keeley, voluntarily paid the sum of $15,000.00 to Houston National Bank for S. T. Morgan, without his (Morgan's) knowledge, in discharge of his liability as endorser on a $50,000.00 note of Aztec Oil Company?

"2: Do you find from a preponderance of the evidence that S. T. Morgan, prior to July 17, 1927, had full knowledge that the $50,000.00 note was endorsed by the Bank to the Estate of L. A. Carlton, R. A. Welch and Thomas F. Keeley?

"3: Do you find from a preponderance of the evidence that in accepting said endorsement Thomas F. Keeley was acting for S. T. Morgan?

"4: Do you find from a preponderance of the evidence that S. T. Morgan, prior to July 17, 1927, had full knowledge that the plaintiff, Keeley, had joined in a transfer of the $50,000.00 note to said Aztec Oil Company and received in consideration thereof its note for $15,000.00, payable to himself, and secured by the pledge of $17,000.00 of the bonds formerly held by the Bank?

"5: Do you find from a preponderance of the evidence that in making said transfer and accepting said note the plaintiff, Keeley, was acting for S. T. Morgan?

"6: Do you find from a preponderance of the evidence that the said S. T. Morgan, with full knowledge of the acts of the plaintiff, Keeley, in said transactions, accepted the benefits thereof?"

All issues were answered in the affirmative, and judgment rendered in favor of Keeley for the balance due upon the claim asserted with accrued interest.

The first, second, and third propositions assert the cause of action is barred by the two-year statute of limitations; that the letters of July 17, December 14, and December 28, in the year 1927, are insufficient to toll the statute; that Keeley acquired the status of a creditor of Morgan in October, 1925, by the transfer of the Aztec Oil Company note upon which Morgan was an indorser, and Keeley could not thereafter suspend the running of the statute by claiming the status of a volunteer in paying said note.

These propositions are all ruled against appellant by the opinion upon rehearing on the former appeal. That ruling is the law of this case, and the questions presented call for no further discussion. We will in this connection say, however, that the question of whether the former ruling is in conflict with Yndo v. Rivas, 107 Tex. 408, 180 S. W. 96, was presented in an application for writ of error, which writ was dismissed by the Supreme Court.

The fourth, sixth, and tenth propositions are to the effect that plaintiff failed in his proof, in that he declared upon an express contract, and the evidence shows an implied contract, and the issues submitted varied from the contract pleaded. These propositions are all predicated upon the assumption that plaintiff in his pleadings bases his cause of action solely upon an express ratification by Morgan of plaintiff's action in paying Morgan's share of the $50,000 note of the Aztec Oil Company to the bank and an express promise to repay the amount so expended.

This was not the construction placed upon the plaintiff's pleading upon the former appeal. The last trial was had upon the first original petition, the contents of which were stated in Justice Vaughan's opinion. The allegations of paragraph VIIIa, quoted above, are not referred to in that opinion, and we suppose they were later added by interlineation. Those allegations are plainly sufficient to present the issue of an implied ratification and promise to repay. It was permissible to so plead both express and implied ratification and promise to pay. Townes, Texas Pleading, 478, 479. For this reason there is no merit in the propositions last mentioned.

The fifth proposition asserts the action seeks to hold Morgan for the debt, default, or miscarriage of the Aztec Oil Company contrary to the statute of frauds. Article 3995, R. S.

The undisputed evidence and facts found by the jury support the theory of a ratification by Morgan of all that was done by Keeley in Morgan's behalf and acceptance by the latter of the benefits of what had been done. Under such circumstances the law implies a promise by Morgan to repay Keeley. See the opinion on former appeal, also the following: Farmers' National Bank of Cooper v. Allard (Tex. Civ. App.) 262 S. W. 793; Lee's Executors v. Virginia & Maryland Bridge Co., 18 W. Va. 299; Neely v. Jones, 16 W. Va. 625, 37 Am. Rep. 794; Wolff v. Matthews, 39 Mo. App. 376; Hodge v. DeLanie, 137 S. C. 337, 135 S. E. 357; 41 Corpus Juris, 19, § 19.

Such implied promise is an original undertaking, for which reason it is not within the statute of frauds. See cases cited in 8 Michie, Digest, p. 464 et seq.

Error is assigned to the admission in evidence of the letters dated July 17, December 14, December 28, quoted in the original opinion, and another letter dated October 22, 1925. This last-mentioned letter is a carbon copy of a letter written by R. A. Welch to Keeley, which copy was received by Morgan a few days after its date and read by him. This letter shows that prior to the dates of the other letters Morgan was advised of and knew all of the facts relating to the transactions concerning the handling and disposition by Keeley, Welch, and the Carlton estate of the $50,000 Aztec Oil Company note. It supplies the missing evidence to that effect referred to in the former opinion in 39 S.W.(2d) 929, at page 935, first column.

All of the letters mentioned were admissible for the purpose of showing that Morgan had full knowledge of all the facts and with such knowledge ratified and approved all that had been done in his behalf by Keeley in connection with the Aztec Oil Company note for $50,000. None of the numerous objections urged against the admission of the letters is tenable.

The ninth proposition complains of the admission of certain portions of the deposition of plaintiff. The admissibility of this testimony was sustained upon the former appeal.

There is no merit in the last proposition presented to the effect that there is no consideration for the promise to pay Keeley. The payment by Keeley, in Morgan's behalf, of the latter's part of the $50,000 note held by the bank and the benefit accruing to Morgan by such payment, was a sufficient consideration to support the subsequent implied promise of Morgan to repay Keeley the amount so paid in satisfaction of said note. Wright v. Farmers' Nat. Bank, 31 Tex. Civ. App. 406, 72 S. W. 103.

Affirmed.