Helen PADGETT, Appellant,

v.

Manuel SEGUIN and wife, Louise Seguin, Appellees.

No. 16715.

Court of Appeals of Texas, San Antonio.

June 30, 1982.

Rehearing Denied July 27, 1982.

---

Roger Wooldridge, San Antonio, for appellant.

Jesse Gamez, San Antonio, for appellees.

Before ESQUIVEL, CANTU and BASKIN, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a take nothing judgment rendered against the appellant.

Appellant went to trial on two causes of action. One cause of action was for "money lent", the other was for certain Star Trek paraphernalia which appellant and appellees purchased and for which appellees owed money. This second cause of action was settled by agreement of the parties before judgment.

Appellant alleged that on February 17, 1977, she loaned to appellee, Manuel Seguin, the sum of $1,000.00 for his accomodation and at his request, without any time being agreed on for repayment. A $100.00 payment was made and on October 9, 1979, appellees reaffirmed in writing the indebtedness and made a payment of $10.00, reducing the balance to $890.00. Several small payments were made after this cause of action was initiated, and at the commencement of trial the balance owed was $830.00.

Trial before the court commenced on July 16, 1980, and after considering the pleadings, the evidence, the argument and briefs of counsel, the court made certain findings of fact and conclusions of law. The findings of fact state that appellant agreed to loan appellees $1,000.00 but no definite time for repayment was agreed upon, that appellant understood that payment was not to be all at once, that appellees believed they were entitled to pay "as they could", and that appellant failed to prove that appellees were able to pay the unpaid balance of $830.00 or failed to prove they had the ability to pay such indebtedness.

The conclusions of law were that appellees are indebted to appellant for the sum of $830.00, that the rule of *Salinas v. Wright*, 11 Tex. 572 (1854)[1] was controlling, that appellees' promise to pay "as they could" stated a condition precedent to the obligation to pay, that in order to recover

upon such a promise, the appellant had to prove that the condition precedent had been fulfilled by showing that the appellees had the ability to pay, that appellant did not carry out her burden of proof in that she did not prove that the appellees were able to pay, and that the appellees were not obligated to make payments on the loan since the condition precedent had not been fulfilled.

Appellant brings forth ten points of error. Points of error one through three are briefed and argued together, as are points four through ten. Points of error one through three state that there is no evidence or that the evidence is insufficient to support certain findings of fact made by the trial court. Specifically, appellant complains of the court's findings that her understanding was that payment was not to be made all at once, that appellees believed they were entitled to pay "as they could", and that appellant failed to prove that appellees were able to pay their indebtedness. Appellant further asserts that such findings are against the great weight and preponderance of the evidence. We overrule these contentions.

The court of appeals, in reviewing no evidence points, must view the evidence in its most favorable light in support of the verdict, considering only the evidence and inferences which support the finding and rejecting the evidence and inferences to the contrary. In reviewing insufficient evidence points, the court must consider all the evidence in the record. *Liberty Mutual Ins. Co. v. Rosas*, 630 S.W.2d 504 (Tex.App.—Fort Worth 1982, writ filed).

We find abundant evidence in the record to support the finding of fact that appellant's understanding was that payment was not to be all at once. Appellant testified on direct examination that "[t]hey [appellees] said that they would attempt to pay it back. I never expected them to pay it back at one time." Again on recross she

---

1. *Salinas* stands for the proposition that where one is indebted and is requested to make payment, if he admits the debt and promises to pay the debt "when he is able," such statement is a conditional promise and requires the plaintiff to show sufficient ability of the defendant to pay.

testified that "[a]ll I told them was that when I needed the money, I would ask for it, but I didn't expect to be paid back the full amount at one time." Appellant is estopped from complaining of this finding of fact.

■ The finding of fact that appellees believed they were entitled to pay "as they could" is also supported by the evidence. Appellee, Manuel Seguin, testified to this fact and a letter introduced into evidence also stated this position. In this letter, written November 7, 1979, he confirmed the debt owed and stated that appellant "made to me a noninterest bearing, personal loan in the amount of $1,000.00 with the verbal agreement that I would repay this amount owed as I was financially able." Appellees testified about their "grim" financial condition at the time the loan was made and appellant testified that she was aware of their financial condition. Although appellant claims that the terms of the agreement were that she would be paid when she "asked for it," the trial court, as the finder of fact, was justified under the evidence in making this finding of fact. The trial court had the opportunity to observe the personal demeanor of the witnesses and was in a position to believe the testimony of one or the other. It elected to believe appellees' testimony and was justified in doing so under the evidence. See Weaver v. Brink, 613 S.W.2d 581 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.).

Appellant's points of error four through ten complain of the trial court's conclusions of law. The trial court held that the rule of Salinas v. Wright, supra, controlled the disposition of this case, that the appellees' promise to pay "as they could" stated a condition precedent to the obligation to pay, and that in order to recover upon such a promise, the appellant had the burden of proving that the condition precedent had been fulfilled. The court found that appellant had not discharged her burden of proof in that she did not show that appellees were able to pay.

Appellant argues that Salinas v. Wright, supra, is not controlling because in that case

the plaintiff relied on a written acknowledgement of the indebtedness, accompanied with an express promise to pay conditionally "as soon as circumstances will permit," and in this case there is an oral agreement to loan money. We disagree.

■ Since this case was tried to the court, the trial court had the duty to determine what agreement was actually made by the parties and what their intentions were. See Kelly v. Lone Star Gas Co., 32 S.W.2d 699 (Tex.Civ.App.—Texarkana 1930) rev'd on other grounds 46 S.W.2d 656 (Tex. Comm'n App.1932). The court found, and the evidence supports, that there was a condition to payment, that is, that appellees were to pay "as they could." A promise to pay money as soon as the promisor is able, as soon as circumstances will permit, or at the earliest possible moment is a conditional promise. Rowlett v. Lane, 43 Tex. 274 (1875); Salinas v. Wright, supra; Wright v. Farmers' Nat'l Bank, 31 Tex.Civ.App. 406, 72 S.W. 103 (1903); 14 Tex.Jur. III, Contracts § 273, (1981). It is at this point that the rule of Salinas v. Wright, supra, controls. Salinas stands for the proposition that where a conditional promise has been established, it is incumbent upon the one bringing suit to prove that the event had happened on which the promise was made to depend. That the case was a suit on a written note is not a controlling factor. The trial court did not err in finding that the rule of Salinas v. Wright, supra, controls.

■ In considering the appellant's argument that there is no evidence to support the court's finding that she failed to prove that appellees were able to pay, we must view the evidence in its most favorable light in support of the verdict. In doing so, we hold that this finding is supported by the record. Appellant had the burden to prove that the condition to appellees' promise had occurred. The record, however, is devoid of evidence as to appellees' ability to pay even though all witnesses to the transaction were available for direct and cross examination. In considering appellant's challenge to the sufficiency of the evidence,

we have reviewed the entire record, including the evidence which supports the verdict, as well as that which is contrary to it, and after weighing this evidence, we are of the opinion that the court's findings are not so against the great weight and preponderance of the evidence as to be manifestly wrong. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). We overrule appellant's challenges to the sufficiency of the evidence.

Appellant has failed to establish reversible error and the judgment of the trial court is in all respects affirmed.