UBSDELL & PIERSON, Appellants, v. CUNNINGHAM, Respondent.

1. Instruments in the following forms: "Due A. B. $100, to be paid over to him as soon as collected at P., now in the hands of H. B. P. of that place," and "Due A. B. $34 63 for goods purchased of him while at P., to be paid as soon as collected from my accounts at P.," are promissory notes, not mere *conditional* obligations to pay. The words "to be paid," &c., merely prescribe the time of payment by indicating the fund out of which the debtor expects to pay, and thereby securing to him the delay necessary to render it available.

2. When all has been collected upon the claims that can be collected at all, the notes become due and payable.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action originally commenced before a justice of the peace, and taken thence by appeal to the law commissioner's court. The cause of action was founded on the following instruments, notes or due bills: "New York, March 7, 1849. Due Messrs. Ubsdell & Pierson one hundred dollars, to be paid over to them as soon as collected at Pokeepsie, now in the hands of Horace B. Potter of that place. (Signed) H. D. Cunningham." "$34 63. Due Messrs. Ubsdell & Pierson, thirty-four dollars and sixty-three cents for goods purchased of them while at Pokeepsie, to be paid as soon as collected from my accounts at Pokeepsie. New York, March 7, 1849. (Signed) H. D. Cunningham."

Ubsdell & Pierson v. Cunningham.

On the trial before the law commissioner's court, the following agreement or stipulation was given in evidence on the part of the plaintiffs : " John A. Ubsdell and Charles Pierson v. Henry D. Cunningham. It is stipulated in this case that the notes and accounts placed in hands of H. B. Potter, mentioned in the due bills sued on in this case, have been collected before this suit was brought; so far as said notes and accounts were collected. August 22, 1854." It was also in evidence that plaintiffs were in March, 1849, co-partners, under the name and style of Ubsdell & Pierson, and doing business in the city of New York. There was also evidence tending to prove that unsuccessful efforts had been made by H. B. Potter to collect the accounts left in his hands by defendant, Cunningham, and that such accounts were now collectable.

Upon this evidence, the court, on motion of defendant, instructed the jury that the plaintiffs were not entitled to recover ; whereupon the plaintiffs took a non-suit, with leave to move to set the same aside ; which motion having been made and overruled, the case is brought here by appeal.

*Krum & Harding*, for appellants, cited Sears v. Wright, 11 Maine, 278.

*Reber*, for respondent. 1. The instruments of writing sued on are payable conditionally, and are therefore not promissory notes. (Story Prom. Notes, § 22 ; Hill v. Halford, 2 Bos. & Pul. 413.) 2. Not being notes, a consideration should have been proved. 3. The obligation of the defendant to pay is conditional and plaintiffs' proof showed that the condition had not happened and by no fault of defendant. (Allen v. Davis, 11 Mo. 479.)

LEONARD, Judge, delivered the opinion of the court.

The only question that can be made here is, whether the obligation incurred by these notes is suspended upon the condition that the accounts referred to should be collected, or whether the words in one note, " to be paid as soon as collected

from my accounts at Pokeepsie," and in the other, "to be paid as soon as collected at Pokeepsie, now in the hands of H. B. P. of that place," ought to be understood merely as prescribing the time of payment, by indicating the fund out of which the debtor expected to pay, and thereby securing to him the delay necessary to render it available. Both notes contain direct acknowledgments of indebtedness, the language being "Due Messrs. U. & P. —— dollars," although only one of them discloses the cause of it (goods sold); and we think the subsequent words, "to be paid," &c., were not intended to show that the debts were conditional—depending for their existence as valid demands against the makers, upon the fact that the sums to be paid could be collected out of the accounts referred to, but only to prescribe the time of payment, by reference not to days and years, but to a reasonable time for the collection of the accounts. This construction is warranted by the language used, and we have no doubt will execute the real intention of the parties.

It being admitted that all had been collected upon these claims that could be collected, the term prescribed for the payment of the notes had expired, and they became due according to our construction of them. The judgment is therefore reversed, and the cause remanded, Judge Ryland concurring.