## HALEY & YATES v. R. B. HARVEY.

### (No. 1634, Op. Book No. 2, p. 359.)

APPEAL from Limestone County. Opinion by QUI-NAN, J.

§ 1096. *Promissory note; construction of instrument.* This suit was upon a note which read as follows:

"$483.90.          FALLS COUNTY, TEXAS, Nov. 20, 1877.

"Ten months after date we promise to pay to the order of R. B. Harvey $483$\frac{90}{100}$, at Kosse, Texas, with ten per cent. interest from date, for value received, until paid, if the machinery makes the amount at maturity; if not, to stand until it is made.

(Signed)                    "HALEY & YATES."

The note was given for the purchase money of a machine sold by appellee to appellants. Appellants had it insured for $1,300, and it was destroyed by fire and they collected the insurance money. Their defense in the suit was that they were not bound to pay the note until the machine had yielded to them, by its use, the amount of said note, and that it had not yielded that amount, or any amount. The judgment of the court was for appellee for the full amount of the note. *Held*, the obligation sued on was good as a promissory note. It was an absolute promise to pay the money. The stipulations in it simply secured to the makers a reasonable time to make the money out of the machine. It could not have been the intention of the parties that the money should never be paid unless the amount was made by the use of the machine in running it. The money had been made out of the machine, if not by it. Had the defendants sold it, their obligation to pay the note would have been no greater than it was after its destruction by fire and their

receipt of its value.  [19 Wallace, 562; 22 Mo. 124; 44 Va. 410; 2 Greenl. 255; 14 Maine, 57; 17 B. Monroe, 487; 3 Sumner, 530.]  The cases cited by appellants, Salinas v. Wright, 11 Tex. 572, and Rawlett v. Lane, 43 Tex. 274, rightly understood, do not conflict with these views. In these cases there was nothing to indicate that the promises to pay were absolute, but the same were held to be conditional, and that it was incumbent upon the plaintiffs to allege and prove the fulfilment of the conditions.

May 4, 1881.                                        Affirmed.