MILES S. UPSON *vs.* HOLMES, BOOTH AND HAYDENS.

Where goods are sold and delivered, to be paid for on the happening of a certain event, the vendor will not be deprived of his right to recover merely because the event on which payment is to be made has by accident become impossible.

The defendants purchased of the plaintiff all the wood standing upon a certain lot, at a certain price per cord, to be cut and hauled by the defendants and measured in their yard, and paid for after measurement. After all had been cut and a part had been hauled a large quantity remaining on the lot was burned. Held—1. That there had been

a delivery to the defendants.—2. That the plaintiff could recover the value of the wood burned on any proper proof of its quantity.
The plaintiff sued for goods sold. Held that, as the contract contemplated a cutting of the trees, by which they would become personal property, the sale was to be regarded as a sale of chattels.

[Argued January 16th—decided February 1st, 1884.]

ACTION to recover for wood sold ; brought to the Superior Court and tried to the court before *Stoddard, J.* The defendants were a joint stock corporation. Facts found and judgment rendered for the plaintiff. The defendants appealed. The case is sufficiently stated in the opinion.

*S. W. Kellogg*, for the appellants.

*J. W. Webster*, for the appellee.

CARPENTER, J. The defendants purchased of the plaintiff all the wood standing upon a certain lot, estimated to be about fifteen hundred cords, at $1.60 per cord. They at the same time contracted with one Carter to cut and haul the wood. The plaintiff had been in the habit of purchasing wood for them and of superintending the cutting and hauling. On this occasion he declined to cut and haul the wood, or be responsible for it, as he had been in the habit of doing; but the defendants' agent said to the plaintiff that he wanted the payments for the cutting and hauling to be made in the usual manner, through the plaintiff, by orders from him on the defendants. The plaintiff consented to ascertain from time to time how much was cut and hauled by Carter and to act for the defendants in making payments therefor. This arrangement was made solely as a matter of convenience to the defendants in keeping accounts. The wood was to be measured in the defendants' yard and paid for after measurement. But the delivery of the wood there and its measurement were not a part of the contract between the plaintiff and defendants, unless made so as matter of law from the facts found.

Carter cut, piled and measured fifteen hundred and

fifteen cords of wood. He delivered at the defendants' yard about one hundred and ninety-seven cords. The balance of the wood, except about a hundred cords, was destroyed by an accidental fire. The small quantity not destroyed was afterwards delivered to the defendants. Before the fire the defendants paid Carter for all the cutting and for hauling the wood actually placed in their yard. The plaintiff has been paid nothing for the wood. This action is brought to recover the value of the wood so sold.

The defendants claimed that they were liable only for the amount of wood actually measured in their yard. The court overruled this claim and rendered judgment for the whole amount, and the defendants appealed.

The court below evidently construed the contract as a sale of wood standing and not as a sale of wood to be delivered by the vendor at the yard of the purchaser. In this there was no error. The defendants by the terms of the contract were to cut and haul the wood at their own expense. The plaintiff, except as he acted to a limited extent as the agent of the defendants in paying for the cutting and drawing, had nothing to do with it. The contract gave the defendants an implied license to enter the premises and sever the wood from the stump. This was done and the wood piled up. Then certainly, if not before, there was a complete delivery to the purchaser. The fact that the wood was on the plaintiff's land does not prevent a legal delivery; for there was an implied license not only to cut and pile the wood but also to draw it off. For this purpose they had a reasonable time. The wood was subject to the control of the defendants and not of the plaintiff; it was in fact in their possession. It is reasonable that it should be at the risk of the party controlling it and who might at his pleasure delay or facilitate its removal. The circumstance that the wood was to be measured and paid for after it was delivered at the defendants' yard is unimportant. That relates to the time and manner of payment and not to the change of title. Where goods are sold and delivered to be paid for on the happening of a certain event, the vendor

Upson v. Holmes.

will not be deprived of his right to recover merely because the event on which payment is to be made has by accident become impossible. Upon the same principle, when the quantity is to be ascertained by measurement at a particular time or place, or in a particular manner, if such measurement becomes impossible, nevertheless the quantity may be ascertained in some other manner.

The suggestion that the plaintiff cannot recover on this complaint because standing trees are not goods and merchandise, is not tenable. The substance of the transaction was a sale of wood. The parties contemplated a severance from the realty; and when it was in fact severed it became personal property. The contract therefore should be treated as a sale of personal chattels.

There is no error.

In this opinion the other judges concurred.