CASSIUS E. HOWE *et ux.*, Respondents, v. PERCY L. BRISTOW, Appellant.

### Kansas City Court of Appeals, March 23, 1896.

1. **Contracts**: CONSTRUCTION: TIME OF PAYMENT: REASONABLE TIME. Plaintiffs and defendant being partners and finding the profits insufficient to justify its continuance without the retirement of the plaintiffs, they sold to the defendant, and by written contract he agreed to make "payments as fast as possible without serious injury to the business." *Held*, that under the circumstances these terms of payment constituted a chief consideration to the purchaser and the debt was not due until the time so fixed; if defendant did not become able to pay without serious injury to his business within a reasonable time, then after the lapse of such reasonable time the indebtedness would become due.

2. ———: REASONABLE TIME: JURY QUESTION. Where the contract to make "payments as fast as possible without serious injury to the business" was made on the fifth of April and suit was instituted on the twentieth of the following April, and three payments were made between the dates, it is a question, not for the court, but for the jury, as to whether defendant has had a reasonable time in which to discharge the debt according to the contract.

3. ———: ———: ———. This case is distinguished from cases where no time is fixed for payment.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

REVERSED AND REMANDED.

*Kendall B. Randolph* for appellant.

(1) The court erred in sustaining the motion for judgment, and in overruling the motions for new trial and in arrest of judgment. It was not within the province or power of the circuit court to make a new contract for these parties. The simple duty of the court was to interpret and enforce the contract as

entered into by the parties. The answer was sufficient and raised issues to be tried by a jury. (2) The plaintiff could not recover except by showing to the satisfaction of the court or a jury that the circumstances of the defendant were such that he could pay "without injury to the business." The rule is elementary, that in the absence of fraud or under influence persons who enter into contracts must abide by them, whether they are advantageous or otherwise. There are numerous authorities which involve the same principle as is involved in this case. *Nelson v. Van Bonnhorst*, 29 Pa. St. 352. The following Missouri cases are directly in point. *Perry v. Cooper*, 8 Mo. 205; *Allen v. Davis*, 11 Mo. 479; *Ray v. Hodge*, 13 Pac. Rep. (Ore.) 599; *Krum v. Mersher*, 9 Atl. Rep. (Pa.) 334; *Salinas v. Wright*, 11 Tex. 572; *Gellespie v. Mather*, 10 Pa. St. 28; *Mason v. Graff*, 35 Pa. St. 448. Contracts must be construed according to the plain intent and meaning of the parties. *Webster v. Meyers*, 52 Mo. App. 338; *Truman v. Stephens*, 83 Mo. 218.

*Luke H. Moss* for respondent.

(1) Plaintiff insists that this pliable contract fixes no time for payment, does not say how much is due at each payment nor how often these payments must be made. Plaintiff insists that defendant can not arbitrarily suspend payment. If no time for payment is fixed, then the debt becomes due on demand. *Bank v. Hunt*, 25 Mo. App. 170; *Collins v. Trotter*, 81 Mo. 275; Dan. Neg. Inst., secs. 83–88; 11 Mo. App. 273, 274; *Jones v. Eisler*, 3 Kansas, 134. (2) But plaintiffs not only insist that it was due on demand, under the laws of this state, but also that parol testimony was inadmissible to fix another or different time. *Bank v. Hunt*, 25 Mo. App. 170; 11 Mo. App. 273, 274.

SMITH, P. J.—The plaintiffs in their petition alleged that the defendants owed them the sum of $700, less three small credits, for an undivided one half interest in a certain stock of goods, wares, merchandise, etc., sold by the plaintiffs to the defendant.

The answer of the defendant was substantially as follows: That on the fifth day of April, 1894, and for a long time prior thereto, he was engaged in business as a plumber in connection with, and as a partner of, the plaintiffs, the plaintiffs, who are husband and wife, being jointly the owners of one half and the defendant owning the other half, and they were handling such articles as are usually kept and handled by plumbers. That by the terms of their agreement as such copartners, the defendant was to manage and control and devote his time to the business, and the plaintiffs were not to devote any of their time to the business. In consideration whereof, the defendant was to receive from the copartnership the sum of $2 per day in addition to his part of whatever profits should be realized from the business. That on the fifth day of April, 1895, owing to the general depression in business then and for a long time theretofore affecting the country, it became apparent to the plaintiffs and the defendant that the business was not paying, and that if the defendant continued to draw $2 per day from the business, the whole amount invested would in time be absorbed, and further, that the business would be compelled to contract debts which would make the said plaintiffs liable. The plaintiffs, therefore, to prevent becoming involved in debt, offered to sell their interest in the business to the defendant for the price and sum of $671, and agreed to and with the defendant that he should pay them in payments, as fast as possible, without serious

injury to the business. That the contract herein set forth and matters above stated refer to the debt sued for in the petition.

That the defendant accepted the terms as offered as aforesaid by the plaintiffs, and then and there agreed in writing with the plaintiffs, in relation thereto as follows:

" St. Joseph, Mo., April 5, 1894.

"An agreement entered into this day, April 5, 1894, between P. L. Bristol of the first part and C. E. Howe and wife of the second part. C. E. Howe and wife do hereby agree to sell their undivided one half of the stock of plumbing goods, now in store number 1018 Frederick ave., to P. L. Bristol, for the sum of six hundred and seventy-one dollars ($671) to be paid in payments as fast as possible without serious injury to the business. Each payment to be credited to P. L. Bristol until above sum is paid in full.

"P. L. Bristol,

"C. E. Howe and wife."

That on said fifth day of April, 1894, he paid to the plaintiffs on account of said purchase the sum of $75, and on December 12, 1894, paid to them the further sum of $10, and on March 4, 1895, paid to them the further sum of $9. That in paying said sums the defendant has paid as fast as it was possible for him to pay, without serious injury to the business. That the said business is now in such condition that he can not pay on account of said debt to the plaintiffs any sum of money whatever, without serious injury to the said business referred to in said contract. The defendant further answering denies each and every allegation in said petition contained, not hereinbefore specifically admitted, etc.

The plaintiffs filed a motion for judgment on the pleadings, which was by the court sustained and judg-

ment given for plaintiffs for $577. After an unsuccessful motion for a new trial, the defendant prosecuted his appeal from the judgment so rendered against him.

Whether the action of the trial court was proper or not depends upon the construction placed upon the contract pleaded by the defendant. The plaintiffs insist that the sum of money mentioned in the contract became due on demand, since no time was therein fixed; while it is the defendant's insistence that the plaintiffs could not recover without first showing to the satisfaction of the court that the circumstances were such that defendant could pay "without injury to the business."

In the construction of contracts, the general rule is to give effect to the real intention of the parties whenever that can be ascertained by the words of the writing and the actual state of facts. Contracts must be construed according to the intent and meaning of the parties. *Pierson v. Cunningham*, 22 Mo. 124. Courts are bound to give legal effect to contracts according to the true intent of all the parties; and that intent may be ascertained when doubtful by the surrounding circumstances and the object of the contract. A contract not precise in its terms must be construed in the light of the facts and circumstances surrounding the subject-matter it embraces. *Tureman v. Stephens*, 83 Mo. 218, and the authorities there referred to.

*Perry v. Cooper*, 8 Mo. 206, was where the defendant built a boat for plaintiff, for which the latter was to pay the former a stipulated price as soon as there was water in the Grand river to let the boat out, and it was ruled that the plaintiff could not recover the contract price of the boat until the happening of the contingency. It was said by the court, speaking through Judge NAPTON: "That contracts must be construed

according to the plain intent and meaning of the parties, and where that intent is manifest, a literal interpretation will be avoided to give effect to that intent.   *   *   *   Where contingencies ᐧ are so remote and uncertain that they may never happen, or where, indeed, it is reduced to a certainty that they never can happen, courts of equity, in certain cases, have relieved a party and considered the contract as unconditional.   So, even courts of law, in cases of contracts upon contingencies which can never happen, will sometimes disregard the condition.   But this contract does not belong to any of these classes."   And to the same effect are *Allen v. Davis*, 11 Mo. 480; *Ubsdell v. Cunningham*, 22 Mo. 124; *Tureman v. Stephens, ante.*

*Salinas v. Wright*, 11 Texas, 572, was a suit on an acknowledgment of an indebtedness in the sum of $148, payable "so soon as circumstances will permit me," and it was said by the court, in the course of its opinion, that "the note given in evidence was not a promissory note and to have entitled the plaintiff to recover upon it, as a promise to pay in consideration of the acknowledged indebtedness, it was incumbent on him (plaintiff) to aver and prove that the circumstances of the defendant would permit, or enable him, to pay it; or, in other words, that he had the ability to pay, for that is what we understand by the expression "so soon as circumstances will permit me."   So it was held in 2 G. & Dav. 166, that a promise to pay "whenever my circumstances enable me to do so," will give a right of action when defendant became of ability to pay.   And so, too, where one indebted, on being applied to for payment, admitted the debt and promised to pay "when he was able," it was held that this was a conditional promise and that the plaintiff was bound to show the sufficient ability of the defendant.

*Davis v. Smith*, 4 Esp. 36; *Mitchell v. Clay*, 8 Texas, 445.

In the present case, when did the purchase price of the plaintiff's interest in the stock of merchandise, etc., become due and payable? The parties to the contract seem to have well understood each other and have placed their meaning and understanding in very appropriate terms. It was clearly specified in the contract that said purchase money was "to be paid for in payments as fast as possible, without serious injury to the business." Language could not well be plainer. It makes their intent so clear that there is no room for doubt. And even if the language of the contract is of doubtful meaning, it is made clear when read in the light of the facts and circumstances surrounding the transaction, which are detailed in the answer and not controverted, that the payments were not to be made until the same could be done "without serious injury to the business."

It appears from the allegations of fact contained in the undenied answer, that the partnership business in which plaintiffs and defendant were engaged was a small one, in which the profits were insufficient to justify its continuance, without the retirement of plaintiffs. It further appears that it was the judgment of both plaintiffs and defendant that if the latter should continue the business alone, better results would follow; and that accordingly the plaintiffs sold and the defendant purchased the former's interest, upon the clearly expressed condition that payments for such interest should be made "as fast as possible, without serious injury to the business." This understanding constituted, no doubt, one of the chief considerations which induced defendant to purchase. Manifestly, this provision of the contract, fixing the terms of the payments, was suspensory. If the defendant was not possessed of the ability to pay without serious injury to

the business, the plaintiff could not recover.   This was an issue tendered by the answer, and, if determined in favor of the defendant, there could be no recovery. The trial court had no right to ignore this defense and give judgment on the pleadings for plaintiffs.   While the defendant was expressly bound to make partial payments only when the same could be done without injury to his business, yet it seems to us that he was impliedly bound to discharge the whole of said debt within a reasonable time after contracting it.   While full force should be given to the provision of the contract in respect to the time of payment, yet it will not do to say that if the defendant never should possess the ability to pay the amount of the debt, or any part of it, without serious injury to his business, the same would never become due and payable.   If this were so, he might continue the business through an indefinite period and yet, at no time during that period, be able to pay the debt or any part of it without serious injury to his business.   He might be deficient in business capacity or diligence, or for other causes not be successful in the conduct of the business; then, in such case, must the time of payment still be deferred.

The defendant is justly indebted to the plaintiffs, and if the defendant does not become able to pay the same without serious injury to his business, within a reasonable time, then, after the lapse of such reasonable time, said indebtedness, or whatever of it then remained unpaid, would become due.   And what is a reasonable time in such case is a question for the determination of the triers of the fact, regard being had to the contract and the circumstances surrounding the making of the same, as well as to the time which the defendant had conducted the business and the condition of such business during that time.

The contract was entered into April 5, 1894, and

this suit was brought April 20, 1895, and between these two dates the defendant has made three several payments, and so we can not say, as a matter of law, that at the time of the bringing of this suit, the defendant had had accorded to him a reasonable time in which to discharge said debt without injury to his business, and that consequently the part of the same remaining unpaid was then due. This construction of the contract, we think, is reasonable and best accords with what we think to have been the intention of the parties.

This case is not like those cases cited by the plaintiff where no time is fixed by the instrument acknowledging the indebtedness, for here the instrument plainly specifies the contingencies in which partial payments shall be made on the indebtedness. The happening of the contingencies is the time fixed for the payments, and until then defendant is not bound to make payment. This rule is subject to the limitation already indicated.

It follows that the judgment must be reversed and the cause remanded. All concur.