HOGAN et al. v. GLOBE MUTUAL BUILDING AND LOAN ASSOCIATION et al.*

S. F. No. 2516; March 6, 1903.

71 Pac. 706.

**Bills—Acceptance—Time of Payment.**—Plaintiff furnished lumber for a building, and took an order to secure the purchase price, indorsed by defendant corporation: "Accepted, payable as follows: $375 upon completion of the house. . . . ." Held, the acceptance was not conditional on the completion of the building, but merely fixed a time of payment, and liability on the acceptance matured on the destruction of the building by fire and the determination of the owner not to rebuild.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Action by Hugh Hogan and T. P. Hogan, partners under the firm name of Humboldt Lumber Company, against the Globe Mutual Building and Loan Association and Frederick

---

*For subsequent opinion in bank, see 140 Cal. 610, 74 Pac. 153.

Esty. From a judgment of dismissal plaintiffs appeal. Reversed.

F. A. Berlin for appellants; Joseph Hutchinson and F. W. Sawyer for respondents.

GRAY, C.—In this action the demurrer of the above-named corporation defendant to plaintiffs' amended complaint was sustained, and judgment of dismissal was thereupon entered in favor of said corporation. Plaintiffs appeal from said judgment, and the only question presented relates to the sufficiency of the complaint. The respondent contends simply that the complaint does not state a cause of action, and therefore the demurrer to it was properly sustained, and the action rightly dismissed.

The complaint is based upon an order for $386, drawn on the respondent corporation by defendant Esty in favor of appellants, and accepted by the corporation with an indorsement on its face, signed by the corporation, in the following language: "Accepted, payable as follows: $375 upon completion of house, $11 thirty-five days after, provided no liens are filed." The order in question is dated and addressed to "Globe Mutual Loan Assn.," and runs as follows: "Please pay to Humboldt Lumber Co., or order, three hundred and eighty-six dollars, for material furnished on your building, w. s. Grant st. and Bancroft, Berkeley, and charge same to my account."

It is shown by the complaint that the defendant Esty was a contractor constructing the building referred to in the order for the owner of premises upon which it was located; that the building and loan association had in its hands, at the time of said acceptance by it, moneys and securities belonging to the owner of the building, more than sufficient to pay said order; that soon after the order was drawn, and when the house was nearly completed, it burned down, without any fault on the part of plaintiffs or the contractor, and thereby it became impossible to complete it. It also appears from the complaint that the house, when destroyed, was insured against fire for its full value, in the name of the owner, and for the benefit of the building and loan association, mortgagees of said property, and that the contractor offered to rebuild the house at the original contract price, but the owner

thereof refused to allow him to do so, and that the owner thereof does not, nor do the defendants, or either of them, intend to rebuild said building. It further appears from the complaint that the material furnished by plaintiffs and mentioned in the order was actually used in the construction of the building, and that the order was given to secure the purchase price thereof, $386, and that after the fire the corporation refused to pay the order when told by plaintiffs that it would be looked to for its payment.

The precise question to be determined here is this: Was the completion of the house a condition precedent to respondents' liability on its acceptance? The intention of the party executing the acceptance should govern in answering this question, and this intention is to be determined by the language used in the acceptance, and this language should be construed by the light of the circumstances under which the language was used, having a due regard for the relation of the parties; and the courts will not import a condition into a contract, unless compelled to do so by the language employed. Looking, then, first, to the language, we find the first word used in the acceptance is "accepted"; the words which immediately follow relate to the time when the order is to be paid. The event of the completion of the house was evidently fixed upon merely as the time of payment. It is not reasonable to suppose that the parties intended that the payment should be contingent upon the house not being destroyed by fire, because they expressed nothing of that kind, and in all probability the thought of fire did not occur to them. We are further impelled to the conclusion that the acceptance was meant to be absolute and unconditional from the fact that the lumber company had parted with all title and right to the material furnished, and there was nothing left for the company to do to earn the money mentioned in the acceptance; and, further, the respondent was under the mortgage and insurance policy secured in the very property which the acceptance was to pay for against any possible loss by reason of paying the acceptance when it should fall due. The material sold was a part of the house upon which respondent held a mortgage, and respondent may be said to have succeeded to the title to these materials to the extent that his mortgage gave him an interest therein. The house is treated as the property of respondent, and is referred to as "your building" in

the order addressed to and accepted by respondent. The respondent seems, then, to have accepted an order covering a debt for which it may have well regarded it necessary to its own interest to see that it was paid, even in the absence of the order. This debt, in its origin, was not encumbered with any condition, and we do not believe that respondent intended to add any condition to it when he became responsible in writing for its payment, but his purpose was merely to fix a convenient time for its discharge. The only condition that appears from the language of the acceptance attaches to the $11 payable thirty-five days after the completion of the house, "provided no liens are filed." This sounds like it was intended as a condition precedent to the payment of the $11, and we do not intend that the former part of this opinion shall apply to the $11 item; but as it is shown that, the house being destroyed, no liens can ever be filed against it, it is impossible that the condition referred to can ever happen, and it may, therefore, be disregarded.

From the foregoing facts we conclude that the times and dates mentioned in the acceptance were intended merely to prescribe the time of payment by reference not to days or years, but to events that in all probability would happen. It having become impossible that these events should ever occur, it is but reasonable that the money should be due and payable whenever the fact of the impossibility of their occurrence has become certain. In other words, the money was due on the acceptance immediately on the destruction of the house by fire and the determination of the owner not to rebuild; provided, of course, the owner did not unreasonably delay the making of a decision on that question, in which case it would be due upon the lapse of a reasonable time after the fire within which to make such decision: Ubsdell & Pierson v. Cunningham, 22 Mo. 124. The parties having neglected to provide for the contingency of a fire, the law in this case, as in many other cases, supplies the omission by implying such a promise as is necessary to do justice between the parties. The foregoing propositions find support in the following cases: De Wolfe v. French, 51 Me. 420; Crooker v. Holmes, 65 Me. 195, 20 Am. Rep. 687; Nunez v. Dantel, 19 Wall. 560, 22 L. Ed. 161.

The case of Clark v. Collier, 100 Cal. 256, 34 Pac. 677, contains nothing out of harmony with the foregoing. In that

case the suit was by the contractor to recover the final installments under his contract, and his right of recovery was admittedly conditioned upon the completion of his contract, and it was held that he had not completed the work that he agreed to do; in other words, he had not earned the money he sought to recover. In the case at bar the money has been earned; the plaintiff has done everything required to be entitled to recover. The amended complaint shows that the acceptance was due when the suit was brought, and the demurrer to it should have been overruled.

We advise that the judgment be reversed.

We concur: Haynes, C.; Smith, C.

PER CURIAM.—For the reasons given in the foregoing pinion the judgment is reversed.