454    APPELLATE COURTS OF ILLINOIS.

Rosenberg v. F. J. Lewis Manufacturing Co., 171 Ill. App. 454.

Reuben Rosenberg et al., Plaintiffs in Error, v. F. J. Lewis Manufacturing Co., Defendant in Error.

## Gen. No. 16,287.

SALES—*when agreement is not a conditional contract.* Where a person orders a car of rags at an agreed price and directs that they be shipped to a manufacturing company under an agreement to pay for them as soon as he received the felt made therefrom by the company, it is not a conditional contract and the purchaser is liable for the price though the company becomes bankrupt and no felt is received.

Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the March term, 1910. Reversed with judgment here. Opinion filed June 17, 1912.

BROWN & NAVIGATO, for plaintiffs in error.

ELMER & COHEN, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiffs, here the plaintiffs in error, began a suit in the Municipal Court of Chicago against the defendant, here the defendant in error, to recover $265.86, the purchase price of a car of rags shipped by the plaintiffs on the defendant's order to the Vandalia Paper Co., at St. Elmo, Illinois. The cause was

submitted to the court without a jury. The court found for the defendant and entered judgment on the finding.

The plaintiffs claimed that the said car of rags was shipped to the paper company on the order of the defendant at an agreed price. The defendant admitted that it ordered the car of rags to be shipped to the said paper company, but claimed that it had been its custom to have rags shipped to the paper company and made into felt and the felt sent to it, and upon receipt of the said felt it paid the shipper of the rags and sent the difference to the said paper company, and that the plaintiffs were informed of this custom and shipped said car of rags under an express agreement that the defendant would pay for same as soon as it received the felt made therefrom by the said paper company, that the defendant received no felt made from the said car of rags, which was not disputed, and was therefore not liable therefor. A short time after receiving the car of rags the Vandalia Paper Company went into bankruptcy; the plaintiffs, however, made no claim against said company.

On the hearing the trial court found that the evidence sustained the contention of the defendant, and held that the same established a conditional contract, and there could be no recovery. The evidence introduced by the plaintiffs tended to prove their contention, but the court evidently considered the evidence introduced by the defendant tending to prove its contention of greater weight. Accepting, therefore, the view of the court that the evidence established the defendant's contention, the question arises: Did the same establish a conditional contract?

The plaintiffs had shipped the car of rags at an agreed price, as ordered by the defendant. The defendant thereupon became liable to pay for the same. The time of payment, however, was agreed to be when the defendant received the felt made from the rags.

In Noland v. Bull, 24 Ore. 479, the court said: "When there is a present debt then due, constituting the basis of an agreement which merely postpones the time of its payment to an uncertain future date, when a certain specified transaction shall be accomplished, the agreement is to pay within a reasonable time, whether such transaction is accomplished or not." In Upson v. Holmes, 51 Conn. 500, the court said: "Where goods are sold and delivered to be paid for on the happening of a certain event, the vendor will not be deprived of his right to recover merely because the event on which payment is to be made has by accident become impossible." Sears v. Wright, 24 Me. 278; DeWolfe v. French, 51 Me. 420; Croker v. Holmes, 65 Me. 195; Hicks v. Shouse, 56 Ky. 483; Williston v. Perkins, 51 Cal. 554; Ubsdell v. Cunningham, 22 Mo. 124; Randall v. Johnson, 59 Miss. 317; Nunez v. Dautel, 19 Wall. 560.

In this case we think the evidence shows that the defendant expressly obligated itself to pay for the said car of rags; and not the debt, but the time of payment thereof was contingent. Under such circumstances the rule of law announced in the cases cited controls, and the defendant must be held liable.

The judgment is reversed and judgment is here entered against the defendant for $265.86, with interest thereon at the rate of five per centum per annum from November 19, 1909.

*Reversed with judgment here.*