E. JOHNSTON, ADMINISTRATOR, v. B. McDONNELL AND WIFE.

1. In an action to recover possession of property, and for a decree of title, based upon a conditional deed, it is necessary that the petition should aver a performance of the condition; and if it fails to do so, it shows no cause of action, and is demurrable.

2. In construing an ambiguous instrument, all its parts should be taken together, and the intent and purpose of the parties, when thus deduced from the entire instrument, must govern each clause when considered separately. (See this case for an illustration of this principle.)

3. In a suit by an administrator to recover possession of certain premises deeded to his intestate by deed of gift, he set forth the deed, in which it was recited that "the property hereby conveyed shall be used for the "purposes of a homestead, and not otherwise," * * the donee " to "have and to hold the same conditioned as aforesaid for the uses and "purposes of a homestead. It being intended as an advance to our "said daughter, and to be used by her and her husband for a home- "stead; and the same is not an estate in property, to be transferred to "another during the life of our said daughter." *Held*, that the deed was conditional upon the occupancy of the property by the donee and her husband as a homestead during her life, and it was necessary that such occupancy should have been averred in the petition.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

This suit was instituted by the appellant, as administrator of the estate of his deceased wife, against the appellees, alleging in substance that his intestate died seized of certain land in Galveston city, deeded to her by her parents, the defendants; that defendants were in occupation of said land, holding it under fence and claiming title thereto in violation of their deed to plaintiff's intestate; that the language of said deed is peculiar and unusual, and owing to that fact and the possession and claim of defendants, plaintiff's title, as administrator, to the land is clouded and its value diminished; that defendants refuse to give him possession of the land or admit his intestate's title thereto; and he prayed that title be declared to be in him as administrator and for possession. The deed was made a

part of the petition and it recited that, in consideration of one dollar, and of their love and affection for their daughter, the grantors conveyed to her, " the said Eliza Johnston, conditioned " that the property hereby conveyed shall be used for a home- " stead and not otherwise, the following described property, " * * to have and to hold," etc., " conditioned as aforesaid " for the uses and purposes of a homestead," to her and her heirs forever, and closed with the following paragraph: " It " being expressly understood that the property hereby con- " veyed is intended as an advance to our said daughter, and to " be used by her and her husband for the purposes of a home- " stead ; and the same is not an estate in the property, to be " transferred during the life of our said daughter."

The defendants demurred to the petition, because it failed to state that the conditions of the deed had been complied with ; the demurrer was sustained by the court below, and plaintiff refusing to amend, judgment was rendered in favor of the defendants, and plaintiff appealed.

*Mann & Baker*, for the appellant. This was a suit by the administrator of Eliza Johnston, deceased, to remove clouds from the title to a certain lot of ground in the city of Galveston, on the ground that the deed to the same to her from her parents, from its peculiar phraseology, prevented sale thereof. The deed was made part of the petition. The court below sustained the defendant's general demurrer. The points raised by the demurrer were : Is the deed a conveyance in fee simple, or is there only a life estate conveyed, or is there a condition precedent to the vesting of the fee ?

And further, if there is a condition precedent, are the allegations of the petition sufficient to allow proof of its fulfillment ?

We claim that the use of the lot as a homestead was not a condition precedent to the vesting of the title in fee. The deed, taken as a whole, as well as by its separate clauses, and their wording, shows that a fee simple was conveyed, with an

attempt on part of grantors to prevent the property being· used during the life of the grantee, for any other purpose than that of a homestead.

There is, clearly, no condition to the vesting of the title, but a restriction on the manner in which the property might be used. In deciding whether there is any such condition precedent it must be borne in mind that the law does not favor a condition avoiding a grant, that a contract is to be taken most strongly against grantor, and that intention of grantor is to be gathered from the terms of the instrument, and the subject matter to which it relates; and that what the contract means is a question of law. (2 Parsons on Contracts [last ed.], pages 526 and 527; Id., pages 492, 505 and 506.)

The deed, as a whole, shows on its face that the parents, grantors, wished to secure a homestead to their daughter; that they wished, if possible, to prevent the sale, lease, or renting of the lot during the daughter's life, so as to force them to use it for homestead purpose, and that alone. This could not be accomplished by giving Eliza Johnston a life estate, because, as is shown by the answer, there was no house on the lot, and the husband of course could not build on such an uncertain tenure.

It cannot be inferred that this was to be accomplished by intending the deed to be so construed that the using of the lot as a homestead was to be a condition precedent, because, as there was no length of time of such use stated, one year's use as a homestead would have given power of disposing of the place in any way by vesting the fee.

The fact is, it was legally impossible to carry out the conveyance of a fee and then limiting its use (4 Kent, 131, and note); and it is evident that the lawyer drawing the deed tried to practically accomplish this end by interlarding a deed in fee with so many conditions on the use of the property, in order to excite distrust as to title, and deter third parties from buying or leasing the property.

We will now proceed to examine the deed in detail. The limitation in the first clause is " conditioned that the property

"hereby conveyed shall be used for the purpose of a home-
"stead, and not otherwise."

Do these words show a condition that in case this property
is not used as a homestead, then the deed is to be null and void,
and the property, *ex vi termini*, to revert to the grantors?
Most clearly not.

All that the wording of this clause expresses is, that the
property is not to be used for any other purpose; that is, for
instance, that it is not to be rented; the words "not otherwise"
refer to "be used for the purpose of a homestead"—the rule
of construction being, that relative words refer to the nearest
antecedent, unless the whole instrument shows it was differ-
ently intended. (Parsons on Contracts, Vol. II., pp. 526, 527,
last edition.)

Again, in the *habendum* clause we find the same idea repeated
in these words, "Conditioned as aforesaid for the uses and pur-
"poses of a homestead." This idea is also shown by the use
of the word "heirs" and the erasure of the word "assigns."

After this clause we find written, "It being expressly under-
"stood that the property hereby conveyed is intended as an
"advance to our said daughter, and to be used by her and her
"husband for the purposes of a homestead, and the same is not
"an estate in the property, to be transferred to another during
"the life of our said daughter."

Now the words "not an estate to be transferred to another
"during the life of our said daughter," show that after her
death it was intended that it could be transferred. All idea
of life estate is precluded, as is also shown by the word "heirs"
in the granting clause. If, then, it is not an estate which is to
revert to the grantors on failure to use as a homestead, and not
a life estate, then the deeding to her and heirs makes it a fee
simple.

The allegation that the property was intended as an advance-
ment, throws much light on the instrument. Conditional gifts
are not advances, and we challenge an authority for their ever
being so used or spoken of.

Bouvier defines "advancement" to be "That which is given "by father to child, by anticipation of what he might inherit." (See Bouvier's Law Dictionary, and Holiday *v.* White, 33 Texas, 447.)

The heir, on the death of the father, is charged with the advance in the distribution of the estate. Now, if this is an estate, to vest on performance of condition precedent, how is it to be considered an advance, when there is no time fixed limiting the right to perform what is claimed to be the condition? Supposing the child outlived the parent, how was the general estate to be divided with reference to this unsettled title?

A conditional estate is the easiest of all provisions to state clearly, and had it been intended to make a condition precedent, it would but have been natural to have said, "provided "that unless said lot is used as a homestead by our said daughter "and her husband during her life, their said deed shall be null "and void," or other words equally clear, so that he who runs may read.

If it had been intended to express anything so simple in its terms as a condition precedent, or a life estate, long briefs would not have been required, or such technical words as "advancement" would not have been used.

The law does not presume conditions and life estates; they are not favored by its policy, and courts will not hold that they were intended unless clearly expressed and intended; and even formal words constituting a condition will not be so construed, unless the whole instrument and the subject-matter to which it relates, clearly shows such to have been the intention of the parties.

But if the court should decide that the use of the lot as a homestead was a condition precedent to seizin of the grantee, there is still error in the ruling of the court below on the demurrer; as the petition alleges "that said intestate died "seized of said lot," and under this allegation, evidence of such use and occupation as would be necessary to constitute seizin under the terms of the deed, would be clearly admissible. In

fact, it would have been improper to have alleged its use as a homestead, as it would have been but statement of matter of evidence, by which allegation of seizin was to be proven.

*McLemore & Hume,* for the appellees. The demurrer was properly sustained; the petition stated no cause of action. The language of the deed may admit of different constructions as to the character of the estate conveyed, or as to the nature of the condition of the conveyance; but it is susceptible of no interpretation consistent with appellant's theory of his rights under it. The estate conveyed may have been a fee simple conditional; it may have been a life estate conditional; it may have been a life estate conditional, which, by operation of law, would attain the dignity of a fee simple absolute upon the performance of the condition; the condition of its investiture may have been precedent—it may have been subsequent; but there surely seems no occasion for the assumption, that the estate conveyed was, by operation of the conveyance, a fee simple absolute; or that the condition expressed in the deed was a mere " restriction " upon the mode of using the property. Whether the estate conveyed was a fee simple or a life estate; whether, upon the hypothesis of a condition precedent, it was not to vest until the performance of the condition; or, assuming the condition to be subsequent, it vested at date of deed, liable to forfeiture on failure of performance of condition, there can be no doubt that a condition was made part of the conveyance, and no performance thereof is alleged by the party claiming under that conveyance. It was not necessary for the court below, nor is it necessary for this court, in considering the demurrer to decide whether the estate conveyed was a fee, or for life. The demurrer is good in either case, provided the estate passed coupled with a condition—precedent or subsequent—the performance whereof is not alleged.

OGDEN, J. Appellant brought this suit as the administrator of the estate of his deceased wife, against appellees, to recover

a certain lot of land in the city of Galveston, claimed to have been conveyed by deed of gift to appellant's intestate, by her parents, the appellees. Upon the trial below, the defendants filed a general demurrer to the plaintiff's petition, which was sustained by the court, and plaintiff declining to amend, judgment was rendered for the defendants. And the only question now presented for decision is in regard to the correctness of the ruling of the court on the demurrer.

It appears from the bill of exceptions taken upon the trial, that the court decided that the deed set out in plaintiff's petition, as the foundation for the action, was a conditional deed, and as the petition failed to allege a compliance with those conditions which were precedent to the vesting any title, it failed to show a good cause of action, and was obnoxious to a general demurrer. The deed set out in plaintiff's petition conveys to their daughter, Eliza Johnston, the land described, conditioned that the same be used for the purpose of a homestead and not otherwise. This condition is again repeated in the body of the instrument, and finally the deed closes as follows: "It being expressly understood that the property hereby conveyed is intended as an advancement to our said daughter, and to be used by her and her said husband for the purposes of a homestead, and the same is not an estate in the property, to be transferred to another, during the life of our said daughter."

In the construction of all instruments the intention of the parties must be carried out, when it can be done without doing violence to the plain import of the language used. And in arriving at the intent of the parties, the whole instrument must be consulted, and if, after a comparison of each clause with every other, one unambiguous, consistent, and legal conclusion is arrived at, that may be regarded as the intent and purpose of the parties, which must govern and control each clause when regarded separately.

Applying the rules above referred to, it is evident from the whole instrument that the appellees mainly intended to pro-

vide a home for their married daughter, by the donation of the land upon which the same should be established in the event of the acceptance and use of the same by herself and husband, to be an advancement to her, out of the parental estate. It is impossible, from the whole context of the instrument executed by them, to draw the conclusion that they intended an unconditional and absolute gift or donation, with full power of alienation at pleasure. Such an inference is expressly and emphatically denied in three separate and distinct clauses of that instrument, incorporated in each material part thereof, as though they feared a different construction might be given. They conveyed to her the land for the purposes of a homestead, to be used as such, and for nothing else; they covenanted that she should hold the same for that purpose; and finally they declare, in the closing paragraph, that it is not intended to convey an estate in the property, to be transferred during the life of their daughter. There can be no misunderstanding of the intent of the parties, that the estate should be a conditional one, and the condition attached to the grant was, that the land conveyed should be used as a homestead by the grantee during her life. Nor does the allegation that it is intended as an advance to the daughter in any manner change the character of that instrument, since an advance may be conditional as well as any other gift or donation.

If the deed is a conditional one, then, so far as the questions raised in this suit are concerned, it is wholly immaterial whether it is a conditional fee, or a conditional life estate, or whether the condition is precedent or subsequent, since, if precedent, then no estate or interest could vest, until the performance of the condition, and if subsequent, then the death of the grantee renders the performance of the condition impossible. The condition in the deed is, that the daughter shall use the property as a homestead, and if she failed to comply with that condition during her life, then the estate, if it ever vested in her, would become forfeited, and would revest in the original grantor. The estate was granted upon a condition to

be performed during the lifetime of the grantee, and whether that condition was precedent or subsequent, the petition which sought the recovery of the land should have specifically alleged the performance of that condition; and failing to do so, it showed no cause of action, and the court did not err in sustaining a demurrer to the same.

The judgment of the District Court is affirmed.

Affirmed.