CHARLES S. SHUTTUCK v. ROBERT GRIFFIN.

PLEADING.—A petition on an account for labor at a stipulated price per month, is insufficient in the absence of an allegation that the labor was performed. An exhibit showing the months and price "for services rendered," and referred to for the amount due, will not cure the defect; such petition is bad on general demurrer.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

*Joseph H. Wilson,* for appellee, suggested delay.

ROBERTS, CHIEF JUSTICE.—Appellee suggests delay, and asks an affirmance of the judgment with damages.

This, under the practice, requires this court to examine the record, and take notice of any substantial errors that may be found, whether assigned or not.

There was a general demurrer to the petition, which was overruled. It appears by a bill of exceptions that the objection raised under the demurrer to the petition was in the omission to allege the performance of the service by plaintiff under the contract set out from and after the end of the first year, under a hire of seventy-five dollars per month. This appears to have been a good objection to the petition under a general demurrer, being a matter of substance. The allegation that defendant promised to pay plaintiff seventy-five dollars per month for his service as clerk thereafter, did not constitute a cause of action in the absence of an allegation in substance that he, plaintiff, had performed the said service, and the number of months or length of time that he had so performed said service. The annexed account showing the number of months and price charged, does not, in the manner pleaded, supply the deficiency. The substance of that part of the petition is that the parties made a contract, in which it was stipulated that defendant would pay the plaintiff seventy-five dollars per month thereafter for his service as clerk, whereby he promised to pay to plaintiff "the several sums of money specified in the sworn itemized account hereunto annexed and made part of this petition, as Appendix A, which said sums of money amount in the aggregate to fifteen hundred dollars." The annexed account is referred to in the body of the petition only to show the amount that defendant promised to pay to the plaintiff by reason of the contract set out, alleged to have been made at the end of the year that he had served the defendant as clerk. The consideration of the contract on the part of the plaintiff was his performance of the service as clerk, and the length of time that it was performed,

which was omitted to be alleged in the body of the petition and the "Appendix A," is not referred to for the purpose, as expressed, of alleging a consideration for the alleged promise, but, as expressed, for the purpose of alleging the amounts of money promised.

This material omission in stating a cause of action, is observable in reading the petition with the slightest attention, without being specially pointed out by a special exception.

When that is the case, it is better in practice and sounder in law, to sustain a demurrer to the petition, than to hold the defect to be supplied by the use of the annexed account for a purpose not indicated in the body of the petition, which was most probably done in this case.

For the error in overruling the demurrer the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.