WARREN v. WARREN.    (No. 10526.)

(Court of Civil Appeals of Texas.    Fort Worth. March 15, 1924.)

1. Appeal and error ⟨⟩931(9)—Refusal of trial court to file conclusions not presumed from failure to find as requested.

In absence of bill of exceptions showing that trial court refused to file findings of fact and law, showing that plaintiff requested them, and that court did not make any was insufficient to require reversal, notwithstanding Rev. St. art. 1989, requiring judge to state such findings when requested, since his refusal to do so cannot be implied.

2. Appeal and error ⟨⟩1071(1)—Refusal of judge to state conclusions of fact and law on request requires, reversal of decree.

Under Rev. St. art. 1989, requiring trial judges to state their conclusions of fact and law, on request of either party, his refusal to do so, presented by bill of exceptions on appeal, would require reversal of the decree.

Appeal from District Court, Haskell County; W. R. Chapman, Judge.

Action for divorce by Thelma Warren against Lester Warren. Decree for defendant, and plaintiff appeals. Affirmed.

Smith & Grissom, of Haskell, for appellant.

CONNER, C. J. Appellant, Thelma Warren, instituted this suit against her husband, Lester Warren, for a divorce, grounded upon allegations of false and fraudulent representations made by the appellee, and upon the further ground of cruel treatment, as specified in the petition. The trial resulted in a decree against her, and she has appealed.

[1, 2] There is no statement of facts in the record, and the sole ground upon which a reversal of the judgment is sought is the failure of the trial judge to file his findings of fact and conclusions of law.

The transcript discloses that the judgment was rendered on the 14th day of November, 1922, and the plaintiff in the suit was therein given 60 days from and after the adjournment of the term, which was upon the 13th day of December, 1922, as shown by the clerk's certificate, within which to file her bills of exception and statement of facts. The record further discloses that on the 16th day of November, 1922, two days after the rendition of the judgment, the plaintiff by her attorney in open court filed her written request for the trial court to prepare and file with the clerk his findings of fact and conclusions of law in the case, and this written request is indorsed "O. K.    W. R. Chapman," the Honorable W. R. Chapman being the judge of the district court in which the decree was rendered.

It thus appears that appellant in due time and form requested the findings of fact and conclusions of law, and that such request was called to the trial judge's attention. But there are no findings of fact and conclusions of law other than those recited in the judgment, which are merely to the effect that the court heard the pleadings and· evidence, and was of the opinion that the plaintiff was not entitled to a divorce as prayed for in her petition.

Article 1989, Rev. Statutes, declares that:

"Upon a trial by the court, the judge shall, at the request of either of the parties, state in writing the conclusion of fact found by him, separately from the conclusions of law; which conclusions of fact and law shall be filed with the clerk and shall constitute a part of the record."

When such a request as above shown has been made, and there is no statement of facts, and the trial judge's refusal to file his conclusions of fact and law in accordance with the statute quoted is properly presented, then it would follow that the judgment should be reversed and the cause remanded. Wandry v. Williams, 103 Tex. 91, 124 S. W. 86; Buckner v. Davis (Tex.Civ.App.) 129 S. W. 639; Scroggins v. Lumber Co. (Tex. Civ. App.) 138 S. W. 789; Irwin v. State Nat. Bank (Tex.Civ.App.) 224 S. W. 247, and cases therein cited.

In this case it is undoubtedly true that the failure of the judge to file conclusions as requested appears, but it does not necessarily follow that he refused to do so. At best, the refusal can only be implied. There is no bill of exception found in the record which shows that the judge in fact refused to file conclusions and· that appellant excepted to such refusal, hence, the uniform ruling of the court is that, in the absence of a bill of exception, the failure of the trial judge to file findings of fact and conclusions of law when requested will not be considered on appeal. See Landa v. Heermann, 85 Tex. 1, 19 S. W. 885; T. & P. Ry. Co. v. Shawnee Cotton Oil Co., 55 Tex. Civ. App. 183, 118 S. W. 776,

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(260 S.W.)

writ refused; Kennedy v. Kennedy (Tex. Civ. App.) 210, S. W. 581; Ft. W. & R. G. Ry. Co. v. Tuggle (Tex. Civ. App.) 196 S. W. 910.

The reason given for the requirement is stated by our Supreme Court in the case of Cotulla v. Goggan & Bros., 77 Tex. 32, 13 S. W. 742, as follows:

"It may frequently occur that a party who has filed his application for findings of law and fact may waive or withdraw it. Without a bill of exceptions, when the findings do not appear, we cannot know that this has [not] been done."

The presumption of the refusal of the judge in this case to file his conclusions, arising from the mere fact of his failure to do so, is not stronger than the presumption that must be indulged that he would perform his official duty unless waived.

We conclude that the alleged error upon which this appeal is founded is not available to appellant for the want of a bill of exception showing that the trial judge refused to act in accordance with the request and that appellant excepted to such refusal.