**WILLIAMS v. PATTON et al.**

No. 3903.

Court of Civil Appeals of Texas. Amarillo.

Nov. 2, 1932.

Rehearing Denied Jan. 4, 1933.

Sanders & Scott, of Amarillo, for plaintiff in error.

Reynolds & Heare, of Shamrock, for defendants in error.

MARTIN, J.

Plaintiff in error filed suit against E. H. Patton, declaring upon a note dated August 4, 1928, due on or before August 4, 1929, in the sum of $483.50, and asking for a foreclosure of his lien under a chattel mortgage executed contemporaneously with said note on a crop more particularly described hereafter.

Nep True and J. W. Lea were joined as defendants with Patton and were charged with a conversion of approximately 1,800 bushels of wheat which it is alleged was covered by the mortgage of plaintiff in error.

The answer of defendants True and Lea was a general denial and a special plea that they had bought from Patton his 1930 wheat crop, for which they paid him $600 by taking up $150 of his indebtedness to the First State Bank of Miami and $450 due the First State Bank of Mobeetie, Tex. They specially denied that plaintiff in error had a mortgage on the wheat so purchased and each claimed that he had neither actual nor constructive notice of any lien or claim of plaintiff in error against the property so purchased by them.

The trial was to the court, who granted to plaintiff in error the relief prayed for against Patton, but denied any recovery against True and Lea.

This action of the court is assigned as error, it being claimed that the evidence uncontradictedly shows that defendants in error True and Lea purchased the wheat in question and converted it to their use with actual or constructive notice of plaintiff's lien and claim to same and that they are therefore liable as conversioners to plaintiff in error.

The question presented, as we view it, turns entirely upon a construction of the chattel mortgage given to plaintiff by Patton.

This instrument was executed by Patton on the 4th day of August, 1928, to secure a note of even date therewith, due one year after date, for $483.50, and purports to sell and convey to J. B. Williams: "The following described personal property now located and situated in the County of Wheeler, State of Texas, to-wit: 150 acres of wheat on R. H. Templeton farm ten miles north Mobeetie, Texas, for year 1929. * * * 35 acres of cotton, 1928, subject to lien held by First State Bank of Mobeetie for 150. It mutually understood that if this cotton pays the bank that as much as $150.00 is to be applied on this (note) dated Aug. 4, 1928 and due Aug. 1, 1929. If cotton does not make it then said note to be carried Aug. 1, 1929, * * * And this lien shall continue and extend to cover the crops of succeeding years until all debts of this mortgagor to said Bank are fully satisfied."

It will be observed that the note was dated in 1928 and purported to cover the crop for 1929, and it is the claim of plaintiff in error that, by virtue of the last clause above quoted in this mortgage, he had a lien for the next succeeding year after 1929, that is, the year 1930, that being the year during which the wheat in controversy was harvested. The clause in controversy purports by its terms to cover the crops of succeeding years "until all debts of this mortgagor to said Bank are fully satisfied." This follows close after the clause pertaining to an indebtedness held by the First State Bank of Mobeetie. Whatever the parties intended, they did, by the use of this language, restrict and condition the continuance and existence of the mortgage of plaintiff in error upon the payment of all debts of Patton to the First State Bank of Mobeetie. Such a condition is not an impossible one. Reasons could have existed that made it advisable for the mortgagee in this instance to demand and require the payment of mortgagor's debts to said bank and condition his failure to so pay, the granting of a lien upon future crops. This language is not ambiguous. There appears in the record no pleadings or proof that such·clause was inserted by mistake of the scrivener or by mutual mistake of the parties. There is no prayer for its reformation. All parties stood upon the mortgage as written. Some proof was introduced as to payment of debts owing by mortgagor to the First State Bank of Mobeetie in the fall of 1929. If this bank had been paid at the institution of this suit, under the terms of this mortgage, plaintiff in error would have no lien. This is made one of the conditions of the existence of his mortgage. There is no allegation in plaintiff's pleadings of any facts that would show the continuance of his lien for future years as provided in this clause. If its existence depended upon a condition or act to be performed by mortgagor, it was necessary for

him to plead and prove such. Johnston v. McDonnell, 37 Tex. 595; Reeves v. Miller, 28 Tex. 578; Shuttuck v. Griffin, 44 Tex. 566. He did neither.

We are therefore of the opinion that the trial court correctly rendered judgment for defendants in error.

Affirmed.