### SUTTON COUNTY v. SECURITY TRUST CO. et al.

### No. 4039.

Court of Civil Appeals of Texas. Amarillo.
June 7, 1933.

Rehearing Denied June 28, 1933.

Cornell & Hughes, of San Angelo, and L. W. Elliott, of Sonora, for appellant.

W. A. Keeling and Coleman Gay, both of Austin, for appellees.

MARTIN, Justice.

On May 12, 1931, appellees made a contract with appellant to purchase $175,000 of its road bonds. Stipulations of the contract deemed material to this opinion are as follows:

"The above offer is made subject to the following conditions:

"It is hereby agreed and understood that the full $175,000.00 bonds will be delivered to the purchasers on or about Sept. 1st, 1931. * * *

"It is understood and agreed further that the above offer is made on the further condition that if this offer is accepted, the proceeds from the sale of said bonds when paid for will be deposited with the Security Trust Company of Austin, Texas, and withdrawn by the County as the work progresses on the project for which the bonds were voted, the County to receive interest on daily balances left with said Security Trust Co., Austin, Texas, at the rate of two and one-half per cent per annum, computed and remitted monthly to the County Depository, said funds left with the Security Trust Company to be at all times secured by municipal bonds of Texas or U. S. Government securities satisfactory to Sutton County, deposited with the American National Bank, Austin, Texas, as Trustee.

"It is further understood that this offer is subject to the above bonds being legally issued by said County, and to be approved by the Texas Attorney General and some reputable bond attorney, such as Chapman & Cutler, Chicago, Ill. We agree to pay the cost of printing bonds and attorneys opin-

ion, and all other necessary expenses incident to approval of bonds.

"We attach hereto Cashier's Check in the sum of $3,500.00 to be held by the County uncashed pending delivery of said bonds. Should we fail to carry out the terms of this contract this check may be cashed and the proceeds applied as full liquidated damages, otherwise the same to be returned to us simultaneously with payment for the said bonds."

On February 26, 1932, appellant brought suit against appellees, alleging the breach of this contract and asking for judgment for the $3,500 mentioned therein. Appellant alleged further: "Plaintiff timely and properly complied with all of the duties and obligations incumbent upon it by the terms of said contract."

Appellees answered by general denial, and pleaded certain special defenses not necessary to here mention.

Trial was before the court. Judgment was for appellees.

■ Appellant first urges as error the failure and refusal of the trial court to file findings of fact and conclusions of law. The truth of this matter is evidenced in the transcript only by an ex parte affidavit made by one of the attorneys for appellant. We are not authorized to review this assignment of error in the absence of a proper bill of exception. It has been pointedly and repeatedly so held. Warren v. Warren (Tex. Civ. App.) 260 S. W. 1068; Millard v. Miksch (Tex. Civ. App.) 42 S.W.(2d) 832, and authorities there cited.

■ It is not necessary to discuss certain propositions of appellant relating to special defenses which it is here claimed were not valid defenses to appellant's cause of action, since we have concluded that the evidence amply sustains the implied finding of the trial court that appellant failed to prove its case.

"The burden is upon the plaintiff to establish by proof the existence of the contract sued on, that he has complied with its provisions, or was ready and able to perform it, within the time prescribed, the happening of a condition upon which liability is based, a breach of the contract, and the amount due him under it." 10 Tex. Jur. § 305a, p. 526.

■ A general denial is sufficient to put the plaintiff upon proof of these several matters. Altgelt v. Emilienburg, 64 Tex. 150; Neblett v. McGraw & Brewer, 41 Tex. Civ. App. 239, 91 S. W. 309.

"If the promises and covenants of the parties are mutual and concurrent, the plaintiff must allege performance, or a readiness and willingness to perform, on his part, or some act or omission on the part of the defendant justifying a rescission of the contract." 10 Tex. Jur. p. 500.

"When liability on a contract depends upon the performance or happening of a condition precedent, the plaintiff must allege that the condition has happened or been performed, at least where he pleads the provisions of the contract imposing the conditions." 10 Tex. Jur. 501, § 291.

The following are some of the authorities cited in support of the above text: Hutchins v. Wade, 20 Tex. 7; Northern Texas Utilities Co. v. Community Nat. Gas Co. (Tex. Civ. App.) 297 S. W. 904; Sovereign Camp. W. O. W. v. Cooper (Tex. Civ. App.) 208 S. W. 550; Wright v. Farmers' Nat. Bank, 31 Tex. Civ. App. 406, 72 S. W. 103; American Nat. Bank v. Dancy (Tex. Civ. App.) 40 S. W. 551; Sweetwater Progressive Mut. Life & Acc. Ass'n v. Allison (Tex. Civ. App.) 22 S.W.(2d) 1107. See, also, House v. Faulkner, 61 Tex. 308.

Again it is said: "A refusal or neglect by one party to perform his part of the contract justifies the other in treating it as rescinded." South Texas Telephone Co. v. Huntington (Tex. Civ. App.) 121 S. W. 242, 248; El Paso & S. W. R. Co. v. Eichel & Weikel (Tex. Civ. App.) 130 S. W. 922.

■ Until the conditions prescribed by the terms of the contract quoted above had been met by appellant, no obligation was imposed upon appellees to pay it anything. There obviously could not be a breach of this contract unless there was an obligation to pay, and without a breach there exists no cause of action upon the contract in question.

Applying these well-known legal principles to the facts of the instant case, we have no difficulty in concluding that the action of the trial court was correct in this case.

By the express terms of the contract quoted above, the offer to purchase the bonds was expressly conditioned upon (1) their legal issuance and the specific approval of the Attorney General of Texas; and (2) upon the deposit of the purchase price with the Security Trust Company of Austin.

The record here shows affirmatively that the first of these conditions has never been met, and amply justifies a finding that appellant was unwilling to comply with the second. The approval of the bonds in question by the Attorney General had never been secured when appellant filed suit. Indeed, even at the time of the trial, only a small amount of these had been so approved. There is a suggestion that such failure was due to the fault of appellees in failing to have such bonds printed and forwarded to appellant. The contract provides only that appellees shall pay for such printing, and we find nothing to justify the claim that there existed a legal obligation to perform the further service of looking after the details of

864

this work. Moreover, it is shown that the printed bonds reached the appellant about October 10, 1931, at which time all parties apparently recognized the contract as still in force. Nothing whatever is shown to have been done towards complying with this condition prior to the filing of this suit, and nothing subsequent thereto except a small amount was shown to have been so approved.

Regarding the second condition, much testimony was given concerning the effort to secure a waiver of the right to the deposit of the $175,000 which a Sonora bank is assumed to have held by virtue of a depository contract with appellant. It conclusively appears that this bank never finally agreed to waive its right to the proceeds of this bond issue, which the contract provides was to be left with one of the appellees herein. It further sufficiently, if not conclusively, appears that appellant was unwilling to proceed with its contract without such waiver.

Other questions raised become immaterial in view of this holding.

The judgment is affirmed.