Aubrey Thomas **HALBERT** et al., Appellants,

v.

Jack V. **STANDLEY**, Appellee.

No. 5185.

Court of Civil Appeals of Texas, Waco.

Dec. 14, 1972.

Rehearing Denied Jan. 11, 1973.

Tom Gordon, Abilene, for appellants.

Hugh B. Higgins, Cleburne, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Aubrey T. Halbert (and brother and sister), from judgment denying them injunction to pre-

vent foreclosure by defendant Trustee Standley, under a deed of trust from Aubrey T. Halbert, et al., to Standley, Trustee, on 228 acres, dated January 27, 1969.

Plaintiff on March 6, 1972 sued defendant Standley, Trustee, alleging he was about to sell a tract of land under a deed of trust; that he had no authority to do so; that F. F. Halbert, Sr., (father of plaintiffs) sold the land to plaintiffs and his other children on January 27, 1969, reserving a life estate; that as part of the consideration grantees agreed to pay plaintiff $700. per month for his life; that on January 27, 1969 grantees executed a deed of trust to Trustee Standley; that on September 17, 1969, Halbert, Sr., deeded grantees full fee to the property; that Halbert, Sr., filed suit to void such deed; that on July 9, 1971 a settlement agreement was entered by Halbert, Sr., and plaintiffs, and the suit was dismissed; that the Deed of Trust became null and void; and was superseded by the settlement agreement.

The trial court granted plaintiffs a temporary restraining order.

Defendant Trustee Standley filed a general denial.

F. F. Halbert, Sr., intervened alleging he had an interest in the controversy; that he sold grantees a life estate in the property; that grantees were to pay him $700. per month during his life, and pay the taxes and Federal Land Bank payments on the property, and executed a Deed of Trust to Trustee Standley to secure such obligations; and that grantees failed to pay taxes, Land Bank payments and monthly payments. Intervenor alleged the sale should not be enjoined; and prayed for judicial foreclosure of the Deed of Trust.

Trial was to the court which rendered judgment:

1) Vacating the temporary restraining order.

2) Denying plaintiffs' injunction to prevent foreclosure under the Deed of Trust.

3) Decreeing the deed from F. F. Halbert, Sr., to Aubrey T. Halbert, et al., dated September 17, 1969 void.

4) Decreeing the Deed of Trust dated January 27, 1969 evidence of a valid and subsisting obligation and security therefor.

5) Denying intervenor F. F. Halbert, Sr.'s, judicial foreclosure (without prejudice to his rights under the Deed of Trust).

Plaintiffs' appeal on 5 points contending the trial court erred in failing to uphold the Settlement Agreement dated July 9, 1971 between Halbert, Sr., and his 5 children.

Plaintiffs assert such settlement agreement by providing for dismissal of the suit to set aside the fee deed of September 17, 1969, from Halbert, Sr., to his children, validated such deed, and nullified the Deed of Trust.

Halbert, Sr., and his first wife Ova acquired the 228 acres here involved. Ova died in 1968 leaving her husband her interest in the property. Halbert, Sr., and Ova had 5 children (plaintiffs herein, F. F. Halbert, Jr., and Robert P. Halbert).

On January 27, 1969, Halbert, Sr., who was 80 years of age and contemplating marriage to a 48 year old woman, conveyed the land to his children, retaining a life estate. As consideration the grantees agreed to pay grantor $700. per month for his life, and assumed Federal Land Bank payments and taxes on the land. The grantees executed Deed of Trust on January 27, 1969, to secure the $700. per month payment, taxes and Land Bank payments.

On March 14, 1969, Halbert, Sr., married the 48 year old woman; lived with her 28 days; after which she filed for divorce, which was granted on May 13, 1970.

After the divorce was filed but before it was granted, Halbert, Sr., on September 17, 1969, deeded his life estate to his children. This deed was without consideration. There is evidence plaintiff Aubrey T. Halbert handed this deed to Halbert, Sr., told him he had to sign it or the "woman" would get the whole place; and that after the divorce Halbert, Sr., would get the deed and property back. F. F. Halbert, Jr., testified that 4 of the 5 children told Halbert, Sr., that he could get the property back anytime he wanted it.

After the divorce was granted Halbert, Sr., asked for the 17 September, 1960, deed back as promised, but didn't get it. On March 24, 1971, Halbert, Sr., filed suit against Aubrey Halbert to restrain Aubrey from filing the 17 September, 1969 deed, and praying that on final hearing such deed be "set aside and held for naught."

Meanwhile grantees in the January 27, 1969, deed were not paying the $700. per month to Halbert, Sr., and did not pay the taxes and Land Bank payments, and Halbert, Sr., paid $438.09 Land Bank payment to prevent a foreclosure.

On July 9, 1971, Halbert, Sr., and his five children signed a settlement agreement by which the children expressly agreed to pay Halbert, Sr., $140. each per month (a total of $700.) beginning July 15, 1971, in settlement of all matters in controversy, and providing the suit to set aside the 17 September, 1969 deed be dismissed. Such suit was thereafter dismissed.

After the execution of the July 9, 1971 settlement agreement Halbert, Sr., paid $1,170.88 taxes and $877.86 Land Bank payments to prevent foreclosure on the land; and the five children who signed the settlement agreement never paid the $140. per month each, except Raymond F. Halbert, who only paid until January 20, 1972.

On January 25, 1972, F. F. Halbert, Jr., and on March 13, 1972, Robert P. Halbert executed deeds conveying back to Halbert, Sr., all interest they had in the property "like they promised".

Plaintiffs seek to enforce by injunction the July 9, 1971, Settlement Agreement, and assert it validated the September 17, 1969 deed and nullified the prior deed of trust.

But plaintiffs did not perform their obligations under such agreement. One who has himself broken a contract cannot recover on it. Moreover the burden was upon plaintiffs to establish by proof that they had complied with the provisions of the Settlement Agreement. Casanova v. Falstaff Beer, Inc., Tex.Civ.App., NRE, 304 S.W.2d 207; Sutton County v. Security Trust Co., Tex.Civ.App., Er.Ref., 61 S.W.2d 862; Shattuck v. Griffin, 44 Tex. 566.

And where an agreement by its terms is mutual and dependent and one party fails to perform his part, the other party may treat the agreement as rescinded. Cundiff v. McLean & Miller, S.Ct., 40 Tex. 391; Ross v. McLelland, Tex.Civ. App., NRE, 281 S.W.2d 773; Holman v. Dow, Tex.Civ.App., NRE, 467 S.W.2d 547; Wellington Railroad Committee v. Crawford, Tex.Com.App., Adopted, 216 S.W. 151.

Finally where a party fails to perform his obligations under an agreement, he cannot go into a court to secure by injunction the enforcement of another provision of the contract favorable to him. Vaughan v. Kizer, Tex.Civ.App., NRE, 400 S.W.2d 586; Langdon v. Progress Laundry & Cleaning Co., Tex.Civ.App., Er.Ref., 105 S.W.2d 346; Hardeman-King Lumber Co. v. Hampton Bros., 104 Tex. 585, 142 S.W. 867; Westerman v. Mims, 111 Tex. 29, 227 S.W. 178; Carpenter v. Southern Properties, Tex.Civ.App., Er.Ref., 299 S. W. 440.

All plaintiffs' points have been considered and are overruled.

Affirmed.