**STERLING PROJECTS, INC., et al., Appellants,**

v.

**F. D. FIELDS and Ward Thomas, Individually and d/b/a Fields & Thomas Construction Company, Appellees.**

**No. 5429.**

Court of Civil Appeals of Texas, Waco.

Oct. 23, 1975.

Rehearings Denied Dec. 18, 1975.

John B. McNamara, Waco, for appellants.

B. N. Hamilton, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This suit grows out of a carpentry subcontract on a 250 unit housing project. Plaintiffs Fields and Thomas were the carpentry subcontractors. Defendant Sterling Projects was general contractor, and defendant Industrial Indemnity had executed performance bond for Sterling.

Sterling fired plaintiffs off the job before plaintiffs completed their work. Plaintiffs sued Sterling (and its bondsman) for damages for wrongful breach of plaintiffs' subcontract; additionally sought special damages to their business reputation and credit resulting from the wrongful breach; and pay for extra work and payments made to idle employees.

Defendants answered by general denial, asserted plaintiffs failed to perform according to contract, and by cross action sought damages for excess cost in completing the contract.

Trial was to a jury which found:

1) At time of their discharge plaintiffs had substantially performed their subcontract.

5) Sterling acted without just cause in discharging plaintiffs.

6) Such discharge resulted in damages to plaintiffs' business reputation.

7) At the time the subcontract was entered, Sterling should have reasonably known that a wrongful discharge would result in damages to plaintiffs' business reputation.

8) $20,000 will reasonably compensate plaintiffs for damage to their business reputation, proximately resulting from the discharge without cause.

9) Such discharge resulted in damages to plaintiffs' credit standing.

10) At the time the subcontract was executed Sterling should have reasonably anticipated that a discharge without just cause would result in damage to plaintiffs' credit.

11) $10,000 will reasonably compensate plaintiffs for damages to their credit resulting from their discharge without just cause.

12) Plaintiffs performed 10 items of extra work.

13) Sterling ordered plaintiffs to perform such extra work.

14) Sterling accepted the benefits of such extra work.

15) $4755.15 is the reasonable value of such extra work.

16) Studs and other lumber on certain buildings were damaged by exposure to the weather.

17) Sterling failed to properly supervise the concrete subcontractor in pouring porches on such buildings.

18) Such failure resulted in weather damage to the studs and other lumber.

19) $1500. was the reasonable cost to repair and replace such damage.

20) Sterling failed to supply plaintiff with sufficient materials to perform labor required by the carpentry subcontract.

21) Sterling failed to exercise reasonable care to supervise the job performance of the concrete subcontractor.

22) Such failure proximately resulted in plaintiffs making payment to its employees who were substantially idle.

23) At the time the carpentry subcontract was entered Sterling should have reasonably known that a failure to furnish adequate materials and to properly supervise the concrete subcontractor, would result in additional labor expense to plaintiff.

24) Plaintiffs acted as a reasonable and prudent subcontractor in making such payments to their employees.

25) $7500. was the reasonable cost to plaintiffs in making such payments to their employees.

28) Plaintiffs did not fail to cooperate with the general contractor in scheduling its work so as to avoid conflict with the work of others.

32) Plaintiffs did not fail to perform good quality work.

34) Plaintiffs did not fail to properly man the job with sufficient personnel.

36) Plaintiffs did not constructively abandon its contract by failing to properly man the job with sufficient personnel.

The trial court rendered judgment on the verdict for plaintiffs against both defendants for $64,995.87 ($21,240.72 for breach of contract; $20,000. damage to plaintiffs business reputation; $10,000. damage to plaintiffs' credit; $4755.15 for extra work; $1500 repair of weather damages; $7500. labor expense to idle employees).

Defendants appeal on 29 points contending:

1) The trial court erred in rendering judgment for $20,000. damage to plaintiffs' business reputation, and $10,000. damage to plaintiffs' credit, because such items are not recoverable as actual damages for breach of contract; and because there is no evidence and factually insufficient evidence of such items of damage.

2) The trial court erred in rendering judgment for the $4755.15 extra work performed because plaintiffs did not comply with the contractual requirements necessary to be entitled to payment for such; and such is not recoverable in suit for breach of contract.

3) The trial court erred in rendering judgment for the $1500. damage for plaintiffs repairing and replacing studs and lumber exposed to weather due to failure of defendant to properly supervise performance of the concrete subcontractor, because plaintiffs failed to comply with specific contractual requirements to be entitled to such claim; and there is no evidence and factually insufficient evidence to support such findings.

4) The trial court erred in rendering judgment for the $7500. payments made by plaintiffs to idle employees, because plaintiffs failed to comply with specific contractual requirements to be entitled to such claim; there is no finding such employees were substantially idle; and there is no evidence or factually insufficient evidence to support the findings upon which same is based.

5) The trial court erred in rendering judgment against the surety company on all items except the $21,240.72

awarded against defendant Sterling for breach of contract.

Defendants make no complaint of the finding that Sterling wrongfully fired plaintiffs from the job, or of the award of $21,240.72 damages for such breach of contract. Plaintiffs concede contention 5, supra, is correct, and that judgment against the surety company should be limited to the sum of $21,240.72.

Contention 1 asserts, among other matters, that damages to credit and reputation are not recoverable items of actual damages for breach of contract.

█ Actual damages are either general or special. The term "general damages" is applied to loss, damage or injury which is conclusively presumed to have been foreseen or contemplated by the party as a consequence of his breach of contract or wrongful act, whereas, "special damage" signifies injurious consequences which are not deemed as a matter of law to have been foreseen, but which are shown to have been contemplated or anticipated by the parties. *First National Bank of Hico v. English*, NWH (Waco, Tex.Civ.App.), 240 S.W.2d 503.

The foregoing is the general rule and is recognized in *Humble Oil & Refining Co. v. Wood*, Tex.Com.App., 292 S.W. 200; *National Bank of Cleburne v. Pittman Roller Mills*, Tex.Com.App., adopted S.Ct., 265 S.W. 1024; *New Amsterdam Cas. Co. v. Bettes*, NRE (Dallas, Tex.Civ.App.) 407 S.W.2d 307, and 22 Am.Jur.2d, p. 86.

Plaintiffs sought $30,000. special damage to their credit and business reputation as a result of Sterling's breach of contract. The jury found that Sterling discharged plaintiff without cause, which resulted in $30,000. damage to plaintiffs' credit and business reputation; and at the time the subcontract was entered Sterling should have reasonably anticipated that a wrongful discharge of plaintiff would result in damage to their credit and business reputation. The parties treat damage to credit and business reputation under the facts of this case as almost synonymous, and we do likewise.

Our Supreme Court has addressed itself specifically to whether loss of credit may be actual damages in Texas, and held in *Traweek v. Martin-Brown Co.*, 79 Tex. 460, 14 S.W. 564. *"Wallace v. Finberg* [46 Tex. 35] is authority for the doctrine that loss of credit is not an element of actual damages. Whatever may be the rule in other jurisdictions, that is well settled in this court." *Streetman v. Lasater*, NWH (El Paso, Tex. Civ.App.) 185 S.W.2d 930 holds that damage to reputation and credit are not proper elements of actual damage, but may be rendered in fixing exemplary damages; *First National Bank of Littlefield v. Cooper*, Er. Ref. (Amarillo, Tex.Civ.App.) 12 S.W.2d 271 holds: "Loss of credit is an element of exemplary rather than actual damages"; and *Kauffman v. Armstrong*, 74 Tex. 65, 11 S.W. 1048 holds that loss of credit and prospective profits are exemplary damages. See also *Security State Bank and Trust v. Craighead*, NRE (San Antonio, Tex.Civ. App.) 440 S.W.2d 701.

█ Plaintiffs rely on *Southwest Bank and Trust Co. v. Executive Sportsman Ass'n.*, NRE (Dallas, Tex.Civ.App.) 477 S.W.2d 920, and assert such case "Specifically overturns the *Traweek, Streetman* and *First National Bank of Littlefield* cases". We disagree, and hold that in the case at bar damages to plaintiffs' credit and business reputation are not recoverable as actual or special damages. Contention 1 is sustained.

Contention 2 asserts the trial court erred in rendering judgment on the $4755.15 extra work performed by plaintiff.

The jury found plaintiffs performed 10 items of extra work outside of the contract; that Sterling ordered plaintiffs to perform such work; accepted the benefits of such work; and that $4755.15 is the reasonable value of such work.

█ Defendants assert such cannot stand because plaintiffs failed to comply with that portion of the contract which "Re-

**606**

quired that all claims by subcontractor for additional costs, extension of time, damages for delays or otherwise with respect to sub-contracted portions of the work shall be submitted to the contractor in sufficient time so that the contractor may comply in the manner provided in the contract documents for like claims by the contractor upon the owner." The foregoing is not applicable to extra work outside the contract, which was ordered performed by the general contractor; and thus knew about same and could have made appropriate claims on the owner, if it so desired. See *Collins v. Hall,* Er.Ref.W.M., Tex.Civ.App., 161 S.W.2d 311; *City of Galveston v. O'Mara,* (Galveston, Tex.Civ.App.) 146 S.W.2d 416; affm'd. 138 Tex. 16, 155 S.W.2d 912.

Moreover since defendant wrongfully breached the contract, it cannot take advantage of provisions of same favorable to it. *Halbert v. Standley,* (Waco, Tex.Civ. App.) NRE, 488 S.W.2d 887; *Wellington Railroad Committee v. Crawford,* Tex.Com. App., adopted S.Ct., 216 S.W. 151; *Casanova v. Falstaff Beer,* (Eastland, Tex.Civ. App.) NRE, 304 S.W.2d 207; *Sutton County v. Security Trust Co.,* (Amarillo, Tex.Civ. App.) Er.Ref. 61 S.W.2d 862.

Contentions 3 and 4 assert the trial court erred in rendering judgment for $1500. and the $7500. because plaintiffs failed to comply with specific contractual requirements to be entitled to such claim, and there is no evidence or factually insufficient evidence to support such findings.

Since defendant wrongfully breached the contract it cannot take advantage of provisions of same favorable to it. See authorities cited above. We think the evidence ample to sustain the jury's findings supporting these items.

Contention 5 has been conceded by plaintiffs, and is sustained.

The judgment is reformed to delete recovery by plaintiffs of $30,000. awarded as special damages to credit and business reputation; and is further reformed to delete

recovery against defendant Industrial Indemnity of all amounts except $21,240.72 awarded plaintiffs for breach of the contract.

Costs of appeal are taxed ½ against appellants and ½ against appellees.

Reformed and affirmed.